David A. BLOCKER, Appellant,

v.

TERRELL HILLS CITY, Appellee.

No. 04-94-00582-CV.

Court of Appeals of Texas,
San Antonio.

May 3, 1995.

Rehearing Denied May 24, 1995.

Dinah Gaines, Valdez & Gaines, San Antonio, for appellant.

William S. Helfand, Gina Fantasia, Hirsch, Robinson, Sheiness & Glover, P.C., Houston, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

CHAPA, Chief Justice.

Appellant, David A. Blocker, appeals from a general summary judgment granted to appellee Terrell Hills City. Appellant appeals on three points of error.

Appellant, a police officer for the appellee, sued appellee under the provisions of the Texas Whistleblower's Act, formerly TEX. REV.CIV.STAT.ANN. art. 6252–16a, now codified at TEX.GOV'T CODE ANN. §§ 554.001–009 (Vernon 1994). He alleged that he had been terminated from his position because he had

reported to the appellee's City Manager that the police department was violating the Fair Labor Standards Act by keeping a dual set of books on police officers' overtime. He contends that he was fired three days after he reported the violations. Appellee responded that he had been terminated solely for having a physical altercation with another officer. Appellee moved for summary judgment on the basis that appellant failed to show a causal link between his termination and the alleged report of a violation of law. The trial court granted the summary judgment, and this appeal ensued.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); TEX. R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon,* 690 S.W.2d at 549; *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311.

The defendant's burden of proof in a summary judgment is to show as a matter of law that the plaintiff has no cause of action against him. *Citizens First Nat'l Bank v. Cinco Exploration Co.,* 540 S.W.2d 292, 294 (Tex.1976); *Gaddis v. Smith,* 417 S.W.2d 577, 582 (Tex.1967). A defendant may accomplish this by proving that there is no genuine issue of fact as to at least one of the essential elements of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991).

Appellant brought his suit under former Article 6252–16a of Texas Revised Statutes, commonly known as the Whistleblower Act (the Act). TEX.REV.CIV.STAT.ANN. art. 6252–16a (now codified at TEX.GOV'T CODE ANN. §§ 554.001–009 (Vernon 1994)). The Act prohibits the discharge of or discrimination against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority. TEX.GOV'T CODE ANN. § 554.002 (Vernon 1994). The Act further provides that if the employee's termination or suspension occurs within ninety days after the date on which the employee reports the violation of law, the suspension or termination is presumed, subject to rebuttal, to be because the employee made the report. *Id.* § 554.004.

In his first two points of error, appellant urges that the trial court erred in finding the summary judgment evidence sufficient as a matter of law to sustain the motion for summary judgment, and that the court erred in finding that the appellee proved there was no causal link between appellant's discharge and his report under the Act. Appellee responds that it conclusively negated an essential element of appellant's cause of action under the Act; namely, that it proved by uncontroverted summary judgment evidence that appellant was fired solely because of his fight with another police officer, and not as a result of his alleged report of violations of the Fair Labor Standards Act.

Appellee's summary judgment proof consisted of the following: (1) excerpts from the appellant's deposition which appellee urges decisively defeat the presumption that the firing resulted from his report; (2) the affidavit of Charles Biery, the City Attorney for Terrell Hills; and (3) the affidavit of Barney Flowers, the Police Chief of Terrell Hills. In his deposition testimony, appellant agrees that only the City Council had the final authority to fire him, and that the only issue it considered in determining whether to fire him was his altercation with another officer. Mr. Biery's affidavit stated that he attended the City Council meeting in which the decision to terminate appellant's employment was made, and that the council was not presented with any evidence that indicated the police chief's recommendation to terminate him was for any reason other than the fight. He further stated that the council considered nothing more than the evidence related to the fight. He testified that appellant was invited to add any additional information he deemed appropriate to the council's decision,

and that appellant added nothing. Biery then stated that at no time before the council or himself did appellant suggest that he believed his termination was related to his report of violations. Finally, Biery testified that only the City Council could act to terminate appellant's employment.

The affidavit of Flowers related that he was advised of the physical altercation between appellant and the other officer; that an independent investigation was held, whose conclusion led him to recommend termination; that a review before a departmental board was held, which recommended termination; that appellant then appealed to the City Manager, who recommended termination; and that appellant finally appealed to the City Council, which terminated him. He further noted that only the City Council had the power to terminate; that he, as police chief, did not possess this power. Flowers also noted that appellant was asked at the conclusion of the hearing before the council if he had anything else to add for consideration, and appellant answered that he did not. Flowers also testified in his affidavit that he did not become aware until this lawsuit was filed that appellant contended that he had reported the alleged violations to the City Manager prior to Flowers' recommendation of termination. Flowers stated unequivocally that he had no idea or belief that appellant had made a report of violations prior to the time of his recommendation to terminate. Thus, appellee's summary judgment evidence negated the causal link between appellant's alleged report and his termination by the City Council by conclusively showing that the council terminated him solely as a result of his fight with another officer. It further showed that the police chief did not have the authority to fire appellant, nor did the chief know of the alleged report at the time of his recommendation to fire him.

Once the movant for summary judgment negates one or more of the essential elements of the plaintiff's cause of action, the burden is on the nonmovant to produce controverting evidence that raises an issue of fact as to the element negated. *Pinckley v. Gallegos,* 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). Appellant responded to the above evidence with his own affidavit, which appellee contends is conclusory and wholly inadequate to raise a fact issue. Affidavits consisting only of conclusions are insufficient to raise a fact issue. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *Hooper v. Mercantile Bank & Trust,* 762 S.W.2d 383, 386 (Tex.App.–San Antonio 1988, no writ). Appellant's affidavit contains such conclusory statements as "I was fired for reporting violations of the Fair Labor Standards Act along with other matters to the City Manager of Terrell Hills" and "I was ostensibly fired for an altercation with another officer, this was not the actual reason I was discharged." In employment discrimination cases, direct evidence of discrimination is often lacking, especially at the summary judgment stage. *Castaneda v. Texas Dep't of Agriculture,* 831 S.W.2d 501, 505 (Tex.App.—Corpus Christi 1992, writ denied). However, some circumstantial evidence must be presented to raise an inference that the employee's termination was in retaliation for whistleblowing. *Id.; see Texas Dep't of Human Servs. v. Green,* 855 S.W.2d 136, 146 (Tex.App.—Austin 1993, writ denied). In reversing a summary judgment, the court in *Castaneda* found sufficient controverting circumstantial evidence in the fact that the plaintiff was fired and the parties he informed on were promoted, and because his job performance ratings were better than others who were kept on the job. *Castaneda,* 831 S.W.2d at 505. In *Green,* the court cited as evidence of retaliatory actions the defendant's investigation of the plaintiff's "telephone abuse" and its attempt to prosecute him for an unauthorized thirteen-cent phone call, as well as its "unprecedented investigation" of the plaintiff's sick leave, including having the plaintiff followed by five investigators for allegedly missing a physical therapy session. *Green,* 855 S.W.2d at 146. In the instant case, appellant presents no facts or circumstances to support his cause of action beyond his own beliefs and his conclusory contentions contained in his pleadings, response, and affidavit. For example, appellant's reply affidavit even fails to state facts such as to whom he reported the alleged violations, when the report was made, and whether the alleged report was made prior to

the police chief's recommendation to terminate him.

Appellant insists that a fact issue is raised because in his deposition and in his affidavit he avers that at every step of his administrative appeal, including the final City Council meeting, he was restricted to a presentation of the facts regarding the fight. He argues that Biery's affidavit, in contrast, specifically states that "Plaintiff had the opportunity to bring up whatever he wanted at the city council meeting." Biery's affidavit actually states: "[A]t the conclusion of the City Council's questioning of Mr. Blocker, he was invited to add any additional information whatsoever which he deemed to be appropriate to the City Council's consideration of whether to terminate him *for this altercation.*" Contrary to raising a fact issue, it is evident from appellant's testimony and affidavit, as well as the summary judgment affidavits, that the council heard only testimony regarding the altercation, considered only the altercation, and based its decision to terminate appellant's employment on the basis of the altercation.

Based on a review of the record before us, we conclude that the summary judgment evidence presented by appellee was sufficient as a matter of law to negate the necessary causal connection between a report of violations of law and a retaliatory firing under the Whistleblower Act, and that appellant failed to raise a fact issue regarding this element of his cause of action. *Pinckley,* 740 S.W.2d at 531.

In his third point of error, appellant contends that the trial court erred in considering the deposition excerpt offered by appellee as summary judgment proof because it was defective and incompetent evidence. The supporting affidavit states that William S. Helfand appeared before the notary, yet the body of the affidavit contains the statements of Charles T. Jeremiah, attorney for the appellee. Appellant contends that this inconsistency is a defect of substance that may be raised for the first time on appeal. We need not reach the issue, however. The supreme court, in explaining Rule 166a(d) of the Texas Rules of Civil Procedure, has declared that deposition excerpts used as summary judg-

ment evidence do not need to be authenticated. *McConathy v. McConathy,* 869 S.W.2d 341, 341 (Tex.1994); *see* Tex.R.Civ.P. 166a(d). Therefore, the excerpts were properly before the trial court. Similarly, the affidavits of Biery and Flowers were proper evidence as self-authenticating documents. Tex.R.Civ. Evid. 902(8). The point is overruled.

The judgment of the trial court is affirmed.