In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00466-CV

____________


LILLIAN LOZANO, Appellant


V.


SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, Appellee






On Appeal from the 190th Judicial District Court 

Harris County, Texas

Trial Court Cause No. 2000-51561 





O P I N I O N


 Appellant, Lillian Lozano, appeals a summary judgment under both Rule
166a(b) and Rule 166a(i), rendered in favor of appellee, Spring Branch Independent
School District ("SBISD"). We address whether Lozano has raised a genuine issue
of material fact regarding the element of causation under the Texas Whistleblower
Act. We reverse and remand. 

Standard of Review

 In a traditional summary judgment under Rule 166a(b), the defendant's burden
of proof is to show as a matter of law that the plaintiff has no cause of action against
him. Tex. R. Civ. P. 166a(b); Levesque v. Wilkens, 57 S.W.3d 499, 503 (Tex.
App.--Houston [14th Dist.] 2001, no pet.). A trial court should grant a defendant's
motion for summary judgment if a defendant disproves at least one essential element
of the plaintiff's cause of action. Wilkens, 57 S.W.3d at 503. In deciding whether a
disputed material fact issue precludes summary judgment, we will take as true all
evidence favoring the nonmovant. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991). We indulge every reasonable inference and resolve any reasonable
doubt in favor of the nonmovant. Science Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997). 

 In a no-evidence summary judgment under Rule 166a(i), the movant must
specifically state the elements as to which there is no evidence. Tex. R. Civ. P. 
166a(i). The burden then shifts to the non-movant to bring forth evidence that raises
a fact issue on the challenged elements. Id. When reviewing the grant of a no-evidence summary judgment, we review the evidence in the light most favorable to
the non-movant, disregarding all contrary evidence and inferences. Macias v. Fiesta
Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.--Houston [1st Dist.] 1999, no pet.). A
no-evidence summary judgment is improperly granted if the non-movant brings forth
more than a scintilla of evidence to raise a genuine issue of material fact. Tex. R.
Civ. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so
weak as to do no more than create a mere surmise or suspicion." Macias, 988 S.W.2d
at 317. Conversely, more than a scintilla exists when the evidence "rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions." 
Id.   

 Because the propriety of a summary judgment is a question of law, we review
the trial court's decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699
(Tex. 1994). When the trial court does not specify the ground or grounds for its
summary judgment ruling, we will affirm if any of the theories advanced is
meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). If the appellant fails to negate each ground on which the judgment may have
been rendered, we must uphold the summary judgment. RHS Interests, Inc. v. 2727
Kirby LTD., 994 S.W.2d 895, 897 (Tex. App.--Houston [1st Dist.] 1999, no pet.)
(citing State Farm Fire & Cas. Co., 858 S.W.2d at 381). 

 We set out the facts in the light most favorable to Lozano. 



Facts From January 1992 to June 10, 1999, Lozano, a Mexican-American, worked
as a police officer for SBISD. Throughout her years of employment with SBISD,
Lozano repeatedly received satisfactory performance evaluations. On May 12, 1999,
SBISD renewed Lozano's at-will employment contract. On May 21, 1999, SBISD
gave Lozano a 5% pay raise. On the same day, SBISD Chief Brawner approved a
summer schedule specifying Lozano's daily shifts through August 29, 1999, and
authorized paid time off for Lozano to attend the Texas Gang Investigators
Association summer conference. 

 On May 22, 1999, Lozano worked a SBISD function with several other SBISD
and Houston Police Department officers. Lozano heard another officer, Michael
Fleming, make a disparaging remark about Mexicans. (1) On May 24, 1999, Lozano
filed a written complaint with SBISD Police Captain Gary Silver about Fleming's
comments. On May 25, 1999, Lozano completed an SBISD grievance form to initiate
a formal internal grievance process. 


 Sometime in April or May, 1999, Lozano's supervising officer, Chief Brawner,
began to investigate Lozano. As a result of this investigation, Chief Brawner
concluded (1) Lozano may have padded her hours on four separate occasions during
the months of April and May of 1999, (2) Lozano had taken an extra job working
security at Lakewood Church without obtaining written approval for the job as
required under SBISD policy, and (3) Lozano accepted benefits through her worker's
compensation policy and Crime Victims Assistance Fund while receiving full pay
from SBISD. 

 On June 11, 1999, Chief Brawner called Lozano into his office and asked her
if she could explain the time-sheet discrepancies, the unauthorized job, and the
benefits she accepted while on full pay. Lozano asked for documentation to see the
basis of the allegations, but Chief Brawner did not provide it. Lozano asked for both
additional time in which to respond and for an attorney, but Chief Brawner denied
these requests. Chief Brawner then gave Lozano a pre-drafted termination letter. 
This meeting was the first time Chief Brawner had questioned Lozano about the time-sheet discrepancies. The same day Lozano was fired, Chief Brawner recommended
Officer Fleming for Officer of the Year in connection with the Texas Gang
Association Conference. 

 After terminating Lozano's employment, Chief Brawner reported her to the
Texas Commission on Law Enforcement Officer Standards and Education for six
counts of violating the Texas Penal Code and SBISD policies. Chief Brawner also
reported Lozano to the Harris County District Attorney's Office, but the District
Attorney's office declined to prosecute because of insufficient evidence. Chief
Brawner recommended to the Crime Victims Compensation Division that it prosecute
Lozano for receiving double compensation for on-the-job injuries, but the Crime
Victims Compensation Division would not prosecute. Lozano filed this suit against SBISD. SBISD moved for both a no-evidence
summary judgment and a traditional summary judgment, challenging the element of
causation under the Texas Whistleblower Act. Lozano now appeals, claiming in her
sole point of error that she raised a genuine issue of material fact precluding summary
judgment.

 The Texas Whistleblower Act

 A governmental entity is liable under the Whistleblower Act for discriminating
against a public employee who reports a violation of law. (2) See Tex. Gov't Code
Ann. §§ 554.001-.009 (Vernon Supp. 2002). Proof of causation in a whistleblower
claim is necessary to raise a question of fact and avoid summary judgment. See Texas
Dept. of Human Servs. v. Hinds, 904 S.W.2d 629, 632-33 (Tex. 1995). An
employee's mere subjective conclusion that she was terminated for whistleblowing
is "wholly inadequate to raise a fact issue." Blocker v. Terrell Hills City, 900 S.W.2d
812, 814 (Tex. App.--San Antonio 1995, writ denied). Rather, the employee must
produce evidence showing that, absent her whistleblowing or report of a violation of
law, she would not have been terminated when she was. Hinds, 904 S.W.2d at 636. 
In other words, the employee must establish a "but for" causal nexus between the
protected activity and the employer's prohibited conduct. Texas Natural Res.
Conservation Comm'n v. McDill, 914 S.W.2d 718, 723 (Tex. App.--Austin 1996, no
writ). 

 The employee need not, however, establish that the protected activity was the
sole cause of the employer's prohibited conduct. Hinds, 904 S.W.2d at 635. We
presume a causal nexus exists if the retaliatory conduct occurs within 90 days of the
employee's report of a violation of law. Tex. Gov't Code Ann. § 554.004 (Vernon
Supp. 2002). This presumption is rebuttable. Id. The rebuttable presumption does
not shift the burden of proof and can stand only in the absence of evidence to the
contrary. McDill, 914 S.W.2d at 723. Once sufficient evidence is produced to
support a finding of the non-existence of the presumed fact, the case then proceeds
as if no presumption had ever existed. Id. at 724.

 It is undisputed Lozano was fired within 90 days of her report. Therefore, a
rebuttable presumption arose that a causal nexus existed between Lozano's report and
her termination. See Blocker, 900 S.W.2d at 813-14. Because of this presumption,
SBISD had the burden to present evidence to the contrary. See id. SBISD presented
summary judgment evidence that it did not terminate Lozano's employment as a
result of her report, but that her termination resulted from her repeated violations of
SBISD policy relating to falsification of time sheet records, failure to obtain
authorization to work an extra job, and wrongful acceptance of worker's
compensation benefits. This evidence negated the rebuttable presumption that a
causal nexus existed between Lozano's report and her termination, and carried
SBISD's initial burden under Rule 166a(b). See id. (rendering summary judgment in
favor of employer for presenting evidence conclusively showing employer terminated
employee as a result of his violation of policy and not employee's whistleblower
report). Because SBISD presented evidence negating causation under Lozano's
whistleblower claim, Lozano then had the burden to present more than a scintilla of
controverting evidence raising an issue of fact to defeat summary judgment. See id. 


 An employee can raise an issue of fact by presenting circumstantial evidence. 
See id.; see also City of Fort Worth v. Zimlich, 29 S.W.3d 62, 69 (Tex. 2000). Such
circumstantial evidence regarding the employer's conduct could include the
following: (1) knowledge of the report of illegal conduct; (2) expression of a negative
attitude toward the employee's report of the conduct; (3) failure to adhere to
established company policies regarding employment decisions; (4) discriminatory
treatment in comparison to similarly situated employees; or (5) evidence that the
stated reason for the adverse employment action was false. Zimlich, 29 S.W.2d at 69.

 Lozano presented summary judgment evidence disputing SBISD's claim that
it terminated her employment based on her alleged repeated violations of policy. 
Lozano disputed all of SBISD's accusations that she overstated her hours with
evidence that she worked all the hours reported. (3) Lozano produced evidence that she
submitted a request for authorization to work the extra job, following the same
practice the other officers used, and that it was Chief Brawner's usual practice to
approve out-of-district extra jobs. Further, Lozano submitted evidence that Captain
Silver was responsible for filing her request for benefits under SBISD's worker's
compensation policy and for benefits through the Texas Crime Victim's Assistance
Fund. 

 Lozano also presented evidence tending to show the existence of a causal link
between her termination and report of the illegal conduct. Lozano's evidence showed
that, although the initial investigation began in response to the suspicion she was
padding her time sheets, Chief Brawner did not limit his investigation to time sheet
abuse, but instead commenced a full investigation into Lozano's compliance with
SBISD policy. Lozano's evidence also included the following: (1) the bulk of
SBISD's investigation occurred after she had reported Officer Fleming's remarks; (2)
SBISD did not inquire into Lozano's acceptance of worker's compensation benefits
until after her report, over one year later; (3) SBISD did not investigate Lozano's
unauthorized extra job at Lakewood Church until after her report; and (4) SBISD did
not verify her employment at Lakewood Church until after she was fired. Lozano
also submitted evidence that, prior to her report, she had repeatedly received
satisfactory performance evaluations.

 Lozano also presented some summary judgment evidence suggesting she may
have suffered discriminatory treatment in comparison with similarly situated
employees. Lozano submitted evidence that Chief Brawner singled Lozano out for
failing to obtain written authorization to work an extra out-of-district job, when he
often allowed other officers to work similar jobs. 

 Indulging all reasonable inferences in favor of Lozano, we hold that her
summary judgment proof raised a material fact issue as to the existence of a causal
link between her report and SBISD's alleged retaliatory conduct. Accordingly, we
hold that the trial court erred in rendering summary judgment on her claim and sustain
her sole point of error. 


Conclusion


 We reverse the judgment of the trial court and remand the cause.





 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (4)


Do not publish. Tex. R. App. P. 47.4.
1. An HPD officer had asked the group of SBISD and HPD officers, "Did you
hear about Mexico warning all tourists about coming to Houston over the
police shootings?" Officer Fleming responded by stating, "F*** them
Mexicans their [sic] all a bunch of dope dealing mother f***ers. They need to
send them all back to Mexico. F*** them." 
2. Under the Whistleblower Act, a state or local governmental entity may not
suspend or terminate the employment of, or take other adverse personnel action
against, a public employee who in good faith reports a violation of law by the
employing governmental entity or another public employee to an appropriate
law enforcement authority. Tex. Gov't Code Ann. § 554.002(a) (Vernon
Supp. 2003). The Whistleblower Act protects employees who in good faith
believe they are reporting violations of law regardless of whether or not their
belief is correct. Wichita County, Texas v. Hart, 917 S.W.2d 779, 784-86 (Tex.
1996). "Good faith" means that (1) the employee believed that the conduct 
reported was a violation of law, and (2) the employee's belief was reasonable
in light of his or her training and experience. Id. at 784. Thus, Lozano's report
of Officer's Fleming's comments may suffice as a good-faith report, as long as
her belief that Officer Fleming's conduct was a violation of law was not
unreasonable. 
3. Lozano disputed SBISD's claims she had padded her hours on the following
occasions: 



 On April 17, 1999, Lozano had been scheduled to work only until 11:00
p.m. on a patrol shift, but stated on her time sheet that she had worked
until 11:30 p.m. Chief Brawner checked the radio log, call of service
records, and radio voice recorder but was unable to confirm that Lozano
had worked until 11:30 p.m. Lozano claimed she worked overtime to
complete her job duties without prior approval, and her overtime was
subsequently approved by Sergeant Hughson. 


 


 On April 24, 1999, Lozano wrote 1:00 a.m. on her time sheet as the time
she left the Memorial High School prom, although two other officers
reported they believed she had left at 12:30 p.m. The officers did not
actually see Lozano leave. Lozano claimed she left the dance area
around 12:45 a.m. and went to the valet area, where she stayed and
spoke to several parents until the end of her shift. 

 On May 8, 1999, Lozano stated she worked until 7:00 a.m. at the
Stratford High School "After Prom," but reported a downed city stop
light at 6:24 a.m. from a location between Stratford High School and
Landrum Middle School, her next assignment. Lozano claimed she
presented her time sheets before she worked the weekend events, which
accounted for the discrepancy in the locations reported, and that she was
working at all times on May 8, 1999, from 12:00 a.m. to 7:00 a.m.


 


 On May 15, 1999, Lozano indicated she worked from 7:30 a.m. to 3:30
p.m. at Landrum Middle School. Lozano was not on site to respond to
an alarm call at Landrum Middle School at approximately 3:05 p.m.
Lozano claimed she waited until the end of her shift to take a lunch
break at the Burger King down the street when the alarm went off. 
David Rivera, the principal of Landrum Middle School, stated Lozano
frequently did not have time to take a lunch when she worked at school. 
Further, Chief Brawner charged Landrum Middle School for the entire
eight hours Lozano claimed she worked that day. 
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.