**M. M. "Mack" MAHAFFEY, Appellant,**

v.

**P. R. GILL, Appellee.**

**No. 8008.**

Court of Civil Appeals of Texas,
Texarkana.

Sept. 15, 1970.

J. Kerney Brim, Sulphur Springs, for appellant.

Bascom Perkins, Mt. Pleasant, for appellee.

FANNING, Justice.

This is an election contest of a primary election of the Democratic Party for the nomination to the office of Justice of the Peace, Precinct 1, Franklin County, Texas, brought by contestant-appellant Mahaffey against contestee-appellee Gill. The four voting boxes in the precinct gave Mahaffey 495 votes and Gill 473 votes, and the absentee voting box gave Gill 40 votes and Mahaffey 8 votes, and the total vote for Gill was 513 and the total vote for Mahaffey was 503. Gill was certified as the Democratic nominee and Mahaffey filed suit contesting certain named absentee votes alleged to have been cast in the absentee box. The trial court, after hearing the evidence adduced, entered judgment denying contestant Mahaffey any relief for recovery and decreed that contestee Gill be declared the legal nominee of the Democratic Party for the office of Justice of the Peace, Precinct 1, Franklin County, Texas. No findings of fact or conclusions of law

were requested or filed. Contestant-appellant Mahaffey has appealed.

■ Appellant presents three points on appeal wherein he contends to the effect that there was no evidence to support the implied findings of fact of the trial court that absentee ballots of 26 specifically named persons complied with Article 5.05, Subdivision 1(1) of the Election Code of Texas, that such ballots were null and void because same were not mailed to the County Clerk by the voters, and that the uncontradicted evidence established as a matter of law that said 26 absentee ballots were null and void.

Appellee in reply presents three counterpoints wherein he contends to the effect that there was no evidence that the challenged 26 absentee ballots were actually counted by the election judges and that the results of the election would not have been changed by declaring those absentee ballots void, that the said 26 absentee ballots were not void since there was sufficient evidence to support the implied findings of the trial court that such ballots were mailed to the County Clerk, and there being no evidence of fraud, undue influence or other improper practice, the said 26 absentee ballots should not be declared null and void.

The evidence was uncontradicted that 91 votes were cast in the absentee ballot box in the election in question, however, only 48 of these were counted, 40 for Gill and 8 for Mahaffey, and leaving 43 votes unaccounted for. The appellant offered photostated copies of the carrier envelopes and jacket envelopes which contained or purportedly contained the 26 absentee ballots challenged by appellant. None of these ballots were offered in evidence, nor was the poll list or tally sheet offered in evidence. We agree with contestee that under the above situation there is no way from this record that it can be determined whether or not the said 26 absentee ballots in question, or how many of them, if any, were actually counted by the election judges in the Justice of the Peace race, and there-

fore it can not be said under this record that the results of the election can be changed by these challenged 26 absentee ballots, or any of them. And of course if it can not be shown from the evidence that the irregularities, if there were any, affected the results of the election, then such irregularities would be immaterial. Kennelly v. Gates, Tex.Civ.App.1966, 406 S.W. 2d 351, no writ, Day v. Crutchfield, Tex. Civ.App., 1965, 400 S.W.2d 377, writ dism'd. Appellee's first counterpoint is sustained.

■ Appellant's three points and appellee's second and third counterpoints are concerned with the question of whether the 26 absentee ballots in question were null and void or valid, and whether there was evidence of probative force to sustain the trial court's implied findings in support of its judgment.

Contestant's exhibits are photostated exhibits of the carrier envelopes and jacket envelopes containing each and all of the 26 absentee ballots challenged by appellant. Each and all of these exhibits have shown thereon the stamp of the post office at Mount Vernon, Texas, showing the date of mailing. The evidence is without dispute that they were all actually mailed, and the dates on the envelopes show that they were all mailed in due and proper time to the County Clerk.

There is ample evidence of probative force that application for each and all of the absentee ballots in question were duly mailed to the County Clerk, and that the absentee ballots in question were duly mailed to the said voters. The evidence reflects that the applications were based upon physical disability of the voters and that doctors' certificates were made of such facts.

Appellant's principal attack against the validity of the 26 absentee ballots in question is to the effect that Mr. L. E. Bryant, County Clerk of Franklin County, Texas, who took the affidavits of the 26 voters in question, took the carrier envelopes to

his office and affixed his official seal to the envelopes and then mailed them to himself as County Clerk of Franklin County, Texas. In this connection, appellant relies upon the following provision of Art. 5.05, Subdivision 1(1), of the Texas Election Code, to-wit: "The marked ballot must be mailed to the Clerk, and if returned in any other manner it shall be void and shall not be counted." As we understand appellant's contentions, it is in essence to the effect that when the County Clerk took the ballots in the carrier envelopes to his office and there affixed his official seal thereto that the same then came into his official capacity as County Clerk, and that although the County Clerk immediately mailed same to himself as County Clerk, that said mailing was of no avail and that the ballots were void. Under the record and the facts in this case we disagree with appellant's contentions in this respect.

Art. 5.05, Subd. 4, of the Texas Election Code, provides, among other things, that the voter shall mark the ballot before a notary public or other person authorized to administer oaths.

Mr. L. E. Bryant, as County Clerk of Franklin County, Texas, had statutory authority to take affidavits under Art. 26, Sec. 1, Vernon's Ann.T.C.S., and also had statutory authority to take acknowledgments under Art. 6602, Sec. 1, V.A.T.C.S. So it is clear that Mr. Bryant had authority to take the affidavits of the voters shown on the carrier envelopes of the voters in question.

Mr. Bryant testified to the effect that his County Clerk seal was a large and heavy seal and was kept in his office, and that is why he did not carry this seal with him when he took the affidavits of the voters on the carrier envelopes and that is why he took the carrier envelopes to the County Clerk's office in order to affix the seal on said envelopes. Mr. Bryant testified that the carrier envelopes were duly sealed when he received them from the voters, and that he affixed his official seal to the envelopes at his office and then mailed them, or had them mailed, through the Mt. Vernon post office to himself as County Clerk of Franklin County, Texas.

Mr. Bryant's action, as this record presents the matter, was a practical way of performing the several functions and duties inherent in his office, and shows a studied and meticulous effort to comply in detail with the law governing absentee voting. There is neither allegation nor proof that he intended or did anything improper or fraudulent that would, under the record, invalidate any of the 26 absentee ballots in question. Appellee in his brief explains and comments upon this matter in part as follows:

"Appellee concedes that the procedure followed by the Honorable L. E. Bryant, County Clerk of Franklin County, Texas, was rather unusual; but no more so than that practiced in nearly all of the rural counties of Texas where the County Clerk or his deputies are well known to the people of the community. Practically all of the twenty-six (26) challenged absentee voters were residents of Mission Manor Nursing Home, Terry Haven Rest Home, or the Franklin County Hospital, Mt. Vernon, Texas. They were all aged and all were very anxious to vote. The testimony was undisputed that they all had known the County Clerk for many years; and all wanted to vote; and they needed his assistance in securing absentee ballots: * * *

"In the case now before the Court, the evidence is without dispute that applications for each and all of the ballots in question were duly mailed to the County Clerk; and the ballots were mailed to the voters; and the County Clerk acted as Ex Officio Notary Public in taking the acknowledgment of the voters. * * * There is not a scintilla of evidence that there was any fraud, undue influence, or other improper practice used in any manner in connection with the application for ballots or the voting of these absentee

ballots. There was not even any testimony that Mr. L. E. Bryant, the County Clerk, suggested how any voter should vote or influenced any voter in the way he cast his vote.

"Mr. L. E. Bryant testified that he did not carry the seal of the County Clerk with him when he went out to take the acknowledgments of the voters when they voted their absentee ballots, the reason being that the same was needed in the County Clerk's office, and further because it was a rather heavy court seal to carry with him. The absentee ballots, after having been properly placed in the carrier envelopes and sealed, were brought by the County Clerk, Mr. L. E. Bryant, back to his office for the purpose of properly affixing on each of the envelopes the seal of the County Clerk of Franklin County, Texas. Each of the carrier envelopes, after the seal of the County Clerk had been properly affixed, was then mailed to the County Clerk. The County Clerk was simply acting as an Ex Officio Notary Public in assisting these aged citizens to cast absentee ballots.

"Appellant, in his Brief, takes the position that the ballots in question came into the hands of the County Clerk officially the minute he carried them to his office and affixed the seal of the County Clerk of Franklin County. If this be true, the same rule would apply to any Deputy County Clerk, which would, in effect, mean that none of the said parties could ever act as Ex Officio Notary Public in connection with the absentee voting. The statute, Article 5.05, quoted above simply states that the marked ballot must be mailed to the Clerk. It does not provide that the voter must do the mailing. In the case now before this Honorable Court, there is no question but that each and all of the challenged absentee ballots were mailed to the Clerk; but Appellant contends that because the mailing was done by the County Clerk, that these ballots must be declared null

and void. Such a strict construction of the statute as Appellant seeks would disfranchise many voters. * * *"

The right to vote should be as zealously guarded, as are natural rights, and statutes regulating that right should be liberally interpreted in favor of that right. Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (1948); Wooley v. Sterrett, Tex.Civ. App., (1965), 387 S.W.2d 734, no writ.

In Thomas v. Groebl, supra, it was stated in part as follows:

"The right to vote is so fundamental in our form of government that it should be as zealously safeguarded as are our natural rights. It has been said that 'laws abridging the natural right of the citizen should be restrained by rigorous constructions within their narrowest limits.' It is sufficient, however, that we apply here the less extreme and well established rule of construction that statutes regulating the right to vote should be given a liberal interpretation in favor of that right."

In Wooley v. Sterrett, supra, it was stated in part as follows:

"The right to free exercise of intelligent choice by a citizen at the polls is surely one of the most reassured of all American heritages guaranteed by the Constitution and Bill of Rights. We do not believe it can be said that the free exercise of this right is to be unreasonably curtailed or restricted by judicial decree which places a narrow or strict construction on legislative rules."

Sec. 5.05, Subd. 4, of the Texas Election Code, while providing that the carrier envelope shall be mailed, postage prepaid, to the County Clerk, nowhere directs that the voter must personally place the carrier envelope in the mail. Neither does the statute purport to invalidate a ballot that the voter did not personally deposit in the mail. Merely because the county clerk or some other person mailed those ballots for these

aged and infirm voters we think would not in itself invalidate the votes of said voters. In this connection, see Stratton v. Hall, Tex.Civ.App., 1936, 90 S.W.2d 865, no writ.

There was no evidence in the record that there was any fraud, undue influence, or other improper practice used in any manner in connection with the application for ballots or the voting of the absentee ballots in question.

In Fields v. Cotton, Tex.Civ.App., 1964, 383 S.W.2d 84, no writ, it was stated in part as follows:

"The purpose of the Election Code is to detect, prevent and punish fraud, to preserve the purity of the ballot box, and to protect the exercise of free suffrage from all undue influence by bribery, tumult or other improper practice."

The trial judge, as the trier of the facts in this case, was the judge of the credibility of the witnesses and of the weight to be given their testimony. Wallace v. Denton, Tex.Civ.App., 1965, 394 S.W.2d 217, no writ.

Where a case is tried without a jury, and no findings of fact or conclusions of law are filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory, and every issue sufficiently raised by the testimony must be resolved in support of the judgment. 3–B, Tex.Jur., Sec. 873, p. 278; Henderson v. Willmon, Tex.Civ.App., 1966, 407 S.W.2d 24, writ ref'd, n. r. e.

We hold that there was sufficient evidence to support the implied findings of the trial court in support of its judgment. Appellant's points are overruled.

The judgment of the trial court is affirmed. No motion for rehearing in this cause will be entertained by this court.

Affirmed.