Maria MACIAS and Arturo
Macias, Appellants,

v.

FIESTA MART, INC., Appellee.

No. 01–98–00289–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1999.

Arturo V. Ramirez, Houston, for appellant.

Timothy A. Fjeldal, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices COHEN and MIRABAL.

## OPINION

SCHNEIDER, Chief Justice.

Appellants, Maria and Arturo Macias, appeal a no-evidence summary judgment granted in favor of appellee, Fiesta Mart, Inc. We reverse and remand.

### Facts and Procedural Background

Maria Macias and her four children went to Fiesta to go grocery shopping. After getting a shopping cart, they made their way to the meat section. According to Maria, she left the cart to pick out a steak, and as she turned to put the meat in her cart, she slipped and fell. A Fiesta employee working behind the meat counter witnessed the fall and came to Maria's aid. However, when Maria asked the employee for information, the employee told her, "I'm sorry. I cannot give out information because I'm afraid to be fired." A customer, Nelly Ramirez, also witnessed Maria's fall. According to Ramirez, she was near the meat section when she saw a substance on the floor. Ramirez moved away from the liquid, and proceeded to another section of the store. Approximately 10 minutes later, Ramirez returned to the meat section where she saw Maria slip and fall.

Maria and Arturo sued Fiesta for negligence. Fiesta filed a no evidence motion for summary judgment contending there was no evidence that Fiesta had actual or constructive knowledge of the substance on the floor. The trial court granted Fiesta's motion.

### Standard of Review

In a no-evidence summary judgment, the movant must specifically state the elements as to which there is no evidence. TEX.

R.Civ.P. 166a(i). The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements. *Id.* When reviewing the grant of a no-evidence summary judgment, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). A no-evidence summary judgment is improperly granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact. Tex.R.Civ.P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion." *Kindred v. Con/ Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). Conversely, more than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex. 1995).

### Discussion

The elements of a premises liability cause of action are: (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992).

Here, Fiesta's motion alleged there was no evidence that it had actual or constructive knowledge of the spilled juice on the floor. Maria and Arturo concede that Fiesta had no actual knowledge of the liquid on the floor. Therefore, to defeat Fiesta's motion, Maria and Arturo only needed to bring forth more than a scintilla of evidence to raise a fact question on the issue of constructive knowledge.[1]

### The Evidence

The only summary judgment evidence presented by Maria and Arturo was the affidavit of Nelly Ramirez. In her affidavit, Ramirez stated that as she was walking toward the meat section she looked down and saw a liquid on the floor. According to Ramirez, no Fiesta employees or customers were near the substance at that time, and there were no cones or caution signs. After shopping in other areas of the store, Ramirez returned to the meat section. She stated that she saw Maria slip and fall on a liquid that looked "orange or brownish in color." Ramirez described it as dirty orange juice. According to Ramirez, from the time Ramirez saw the liquid until the time she left the store, no one from Fiesta cleaned it up or put up any warning signs. Ramirez stated that "[t]o the best of her knowledge, [the juice] had been there about ten minutes."

Initially, we note that this is not a case where the plaintiff has attempted to create a fact issue based solely on circumstantial evidence. *See generally Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934 (Tex.1998) (holding circumstantial evidence insufficient to create fact issue on store owner's actual or constructive notice of alleged dangerous condition). Moreover, it is also not a case where the plaintiff failed to present any evidence establishing the amount of time the substance was on the floor. *Richardson v. Wal–Mart Stores, Inc.,* 963 S.W.2d 162, 166 (Tex. App.—Texarkana 1998, no pet .) (holding that absent evidence of the length of time substance had been on floor, there could be no inference that store had constructive knowledge of condition). Here, Maria and Arturo brought forward direct evidence—the affidavit of Nelly Ramirez—in an attempt to establish the amount of time the orange juice was on the floor, and whether Fiesta had constructive knowledge of this condition.

Viewing this evidence in the light most favorable to Maria and Arturo, and disregarding all contrary evidence and inferences, we believe reasonable and fair-minded people could differ in their conclusions as to whether Fiesta had constructive knowledge of the

---

1. "Constructive notice" of a dangerous condition is that which a landowner should have known or

discovered after a reasonable inspection. *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996).

juice on the floor. Therefore, we reverse the trial court's order granting summary judgment in favor of Fiesta and remand this case for further proceedings.