In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00689-CV
____________

TEXAS GULF RESOURCES, INC., Appellant

V.

DANNY S. DAVIS AND ESCOPETA OIL & GAS CORP., Appellees




On Appeal from the 61st District Court 
Harris County, Texas
Trial Court Cause No. 99-63370 




MEMORANDUM OPINION
          This is an appeal from the grant of a summary judgment. Texas Gulf
Resources, Inc. (Texas Gulf) sued Escopeta Oil and Gas Corporation and Danny S.
Davis (collectively, Escopeta) for causes of action stemming from an oil and gas
venture. Escopeta moved for a summary judgment, and it was granted as to all
claims. In two issues, Texas Gulf appeals the trial court’s grant of the summary
judgment. We affirm.
Background
          In March 1997, Texas Gulf and Escopeta leased 6,000 acres of land in Brazos
County for the purpose of producing oil. The two companies agreed that Escopeta
would operate the lease and that Texas Gulf and Escopeta would halve all working
interests in the lease. After representatives from both companies learned that other
oil companies in the region were profiting from oil production, Texas Gulf and
Escopeta decided to lease additional acreage in Brazos County in hopes of enticing
larger oil companies to drill and develop the land. The companies agreed that the
leases would be combined or “pooled” with other leases and that the acreage would
then be transferred or “flipped” to large oil and gas operators for development. 
          Texas Gulf and Escopeta received capital from several investors to fund the
project. In addition, Texas Gulf and Escopeta partnered with Falcon Seaboard Oil
and Gas (Falcon Oil) to gain financial stability. The three companies eventually
leased approximately 15,000 acres in Brazos County.
          In January 1998, oil prices began to drop, and the market became less
profitable. As a result, Texas Gulf and Escopeta were unsuccessful in their efforts to
find oil companies that were willing to drill and develop the land. By December 
1998, Texas Gulf and Escopeta had sustained substantial losses in the project. 
Thereafter, Texas Gulf sued Escopeta for (1) breach of the March 1997 lease
agreement, (2) breach of fiduciary duty, (3) statutory fraud, and (4) common law
fraud. The trial court subsequently granted Escopeta’s summary judgment motion as
to all Texas Gulf’s claims, and this appeal timely followed. 
No-Evidence Motion for Summary JudgmentEscopeta filed a no-evidence motion for summary judgment under Tex. R. Civ.
P. 166a(i).


 A movant seeking a no-evidence summary judgment need only allege
that there is no evidence of an essential element of a claim on which a nonmovant
would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); Southwestern Elec.,
73 S.W.3d at 215. However, the movant’s summary judgment motion must state the
specific elements of the nonmovant’s causes of action as to which there is no
evidence before the movant can be entitled to judgment. Macias v. Fiesta Mart, Inc.,
988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Once that
occurs, the burden shifts to the nonmovant to bring forth evidence that raises a fact
issue on the challenged elements. Id. The nonmovant will defeat a no-evidence
motion by presenting more than a scintilla of evidence to raise a genuine issue of
material fact. Id. More than a scintilla of evidence exists when the evidence rises to
a level that would enable fair-minded people to differ in their conclusions. 
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).
          In two issues, Texas Gulf contends that the trial court erred in granting
Escopeta’s no-evidence motion because (1) Escopeta did not specify in its motion the
particular elements of Texas Gulf’s causes of actions as to which there was no
evidence or, alternatively, (2) to the extent that Escopeta did specify particular
elements, Texas Gulf responded with sufficient evidence of those elements to defeat
summary judgment.


 We review each of Texas Gulf’s claims in turn.             
A.      Breach of Contract
          In its amended petition, Texas Gulf alleged that Escopeta breached the March
1997 lease agreement by failing to distribute Texas Gulf’s full interest in the lease
and by attempting to sell Texas Gulf’s interest without consent. A plaintiff must
prove the following elements to prevail on a breach of contract claim: (1) the
existence of a valid contract; (2) performance or tendered performance by the
plaintiff; (3) breach of contract by the defendant; and (4) damages to the plaintiff
resulting from the breach. Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex.
App.—Houston [1st Dist.] 1997, no pet.). 
          In its no-evidence motion, Escopeta did not challenge existence of the contract,
performance on behalf of Texas Gulf, or damages. Rather, Escopeta contended that
Texas Gulf could provide no evidence to show that Escopeta “breached any
contractual obligation.” From this language, Escopeta plainly alleged that there was
no evidence of the element of breach. Thus, we conclude that Escopeta satisfied the
specificity requirement of rule 166a(i) by challenging a specific element of Texas
Gulf’s breach of contract claim, namely, breach of the 1997 lease agreement. Tex.
R. Civ. P. 166a(i). Accordingly, the burden was on Texas Gulf to produce evidence
that raised a fact issue concerning breach of the 1997 lease agreement. 
          Texas Gulf’s summary-judgment response presented the affidavit of its
president, Joe Amberson, along with attached exhibits, as its sole summary-judgment
evidence. Texas Gulf argues that the affidavit shows that Escopeta breached the lease
contract by failing to account for funds and by divesting portions of Texas Gulf’s
interest without consent. However, careful review of Amberson’s affidavit reveals
that it does not raise a fact issue regarding breach. Instead of setting out facts
showing that Escopeta breached the March 1997 lease agreement, Amberson’s
affidavit merely states that Escopeta did not account for monies owed to Texas Gulf. 
The affidavit does not detail any specific conduct by Escopeta that suggests a breach
of the March 1997 lease agreement. An affidavit that purports to raise fact issues, but
contains only containing conclusory statements unsupported by facts, does not raise
evidence of a material fact issue and is insufficient to survive a no-evidence summary
judgment challenge. See Burroughs Wellcome Co., 907 S.W.2d at 499. Accordingly,
we hold that the trial court did not err in granting summary judgment in favor of
Escopeta on Texas Gulf’s breach-of-contract claim. 
B.      Breach of Fiduciary Duty
          In its amended petition, Texas Gulf alternatively alleged that Escopeta
breached a fiduciary duty owed to Texas Gulf by not accounting for funds received
under the lease agreement and by attempting to sell part of Texas Gulf’s interest
without consent. A fiduciary duty arises when one party places special confidence
in another, which binds the second party to act in good faith and with due regard to
the interests of the one placing the confidence. Brewer & Pritchard, P.C. v. Johnson,
7 S.W.3d 862, 867 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
          In its no-evidence motion, Escopeta did not challenge the existence of a special
relationship between Escopeta and Texas Gulf or the existence of a duty on behalf of
Escopeta to act in good faith and with due regard to the interests of Texas Gulf.
Rather, Escopeta asserted that “there has been no breach of fiduciary duty by
[Escopeta].” We conclude from this statement that Escopeta asserted that there was
no evidence to show that Escopeta had breached its duty to act in good faith and with
due regard to the interests of Texas Gulf. Thus, Escopeta’s motion satisfied the
specificity requirement of rule 166a(i), and the burden shifted to Texas Gulf to
produce evidence that raised a fact issue concerning breach of the duty to act in good
faith and with due regard to the interests of Texas Gulf. 
          Texas Gulf’s summary-judgment response alleged that Escopeta breached a
duty of loyalty owed to Texas Gulf by excluding Texas Gulf from dealings with the
bank, failing to account for funds, failing to repay funds, seeking bank financing
arrangements, secretly acquiring bank leases, and failing to report certain business
ventures. We again conclude, however, that Texas Gulf, through Amberson’s
affidavit and attached exhibits, did not raise a fact issue regarding Escopeta’s alleged
breach of fiduciary duty. The affidavit does not outline any facts that illustrate a
breach of Escopeta’s duty to act in good faith. As addressed above, the affidavit is
deficient because it contains only conclusory statements on Anderson’s behalf. See
Burroughs Wellcome Co., 907 S.W.2d at 499. Texas Gulf presented no evidence that
prove the allegations in its response. We therefore hold that the trial court did not err
in granting summary judgment in favor of Escopeta on Texas Gulf’s breach-of-fiduciary-duty claim. 
C.      Fraud
          Texas Gulf’s amended petition also asserted statutory and common law fraud
claims against Escopeta. Texas Gulf alleged that Escopeta made false representations
intended to induce Texas Gulf into the lease agreement. Both statutory fraud and
common law fraud require a false representation as an element to recovery. See Tex.
Bus. Com. Code Ann. § 27.01(a) (Vernon Supp. 2003); In re First Merit Bank, N.A.,
52 S.W.3d 749, 758 (Tex. 2001). 
          In its no-evidence motion, Escopeta contended that “there have been no
misrepresentations or concealments” by Escopeta that “would support a cause of
action for common law fraud or statutory fraud.” This statement satisfies the
specificity requirement of rule 166a(i) by challenging a specific element of Texas
Gulf’s fraud claims—namely that a false representation had occurred. Thus, the
burden was on Texas Gulf to produce evidence that raised a fact issue concerning the
alleged false representations. 
          On appeal, Texas Gulf asserts that Esopeta committed fraud when it falsely
represented to Texas Gulf that (1) funds would be distributed from the sale of
properties, (2) Texas Gulf would be half owner in the lease bank, and (3) certain
investors would not be investing in the lease bank. Furthermore, Texas Gulf asserts
that Escopeta mortgaged properties without Texas Gulf’s consent. However, in
responding to the no-evidence motion, Texas Gulf merely asserted that “the continued
denial of an obligation to repay Texas Gulf . . . is prima facie evidence of . . .
promissory fraud.” Amberson’s affidavit and attached exhibits did not specifically
delineate any of Escopeta’s alleged fraudulent conduct. Here again, Texas Gulf
provided a conclusory statement without evidentiary support. Accordingly, Texas
Gulf failed to raise more than a scintilla of evidence. See Burroughs Wellcome Co.,
907 S.W.2d at 499. We hold that the trial court did not err in granting summary
judgment in favor of Escopeta on Texas Gulf’s fraud claims.
          We overrule issues one and two.
Conclusion
           We affirm the judgment of the trial court.
 
 



     Elsa Alcala
     Justice

Panel consists of Justices Hedges, Jennings, and Alcala.