COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 ALVIN REAUX,
  
                             Appellant,
  
 v.
  
 JAMES F.
 SCHERR,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00501-CV
  
 Appeal from the
  
 346th District Court
  
 of El Paso County, Texas
  
 (TC#2002-1190)
 
 




 

MEMORANDUM
OPINION

Reaux appeals pro se from a
denial of his summary judgment motion in his case alleging legal malpractice
and deceptive trade practices.  We
affirm.

Factual Summary








In March 2002, Reaux sued Scherr over
his handling of Reaux=s case against a landlord. 
Reaux filed suit against Scherr on behalf of himself and his family
members, despite the fact that he was proceeding pro se.  There is no evidence in the record of any
discovery.  In September 2002, Scherr
filed a motion for a no-evidence summary judgment.  Reaux=s response detailed his unsuccessful
efforts toward securing an attorney, and included a request that the judge
appoint an attorney ad-litem to protect his stepson=s interests.  He claimed those were among the reasons that
a reasonable time for discovery had not elapsed.  He attached the records from the underlying
lawsuit.  He also requested summary
judgment.  He did not include an
affidavit, nor evidence directly refuting the allegations made in Scherr=s motion for summary judgment.  At an October 2002 hearing on Scherr=s motion, the court informed Reaux
that he is barred by law from representing anyone except himself in a pro se
lawsuit.  The court also informed him
that it could not consider Reaux=s response to a summary judgment if
it was not accompanied by an affidavit. 
The court also explained that because there was no designated expert
witness, and because he was lacking evidence as to at least one of three
elements of his cause of action, the lawsuit could not proceed.  The judge then granted Scherr=s motion, and denied Reaux=s motion.

Summary Judgment Proper

In order to support a summary
judgment, the movant bears the burden of proof, and all doubts concerning the
existence of a genuine issue of fact must be resolved against the movant.  Roskey v. Tex. Health Facilities Comm=n, 639 S.W.2d 302, 303 (Tex. 1982).  Once the movant proves a right to a summary
judgment, the burden shifts to the nonmovant to present evidence creating
genuine issues of material fact.  Macias
v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.--Houston [1st Dist.]
1999, no pet.); City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678 (Tex. 1979).








In a no-evidence summary judgment the
movant may, after sufficient time for discovery, move for summary judgment if
there is no evidence to support one or more elements of a claim on which the
nonmovant has the burden of proof at trial. 
Tex. R. Civ. P.
166a(i).  The motion must state the
elements as to which there is no evidence and the reviewing court must grant
the motion unless the nonmovant produces summary judgment evidence raising a
genuine issue of material fact.  Id.

Scherr=s no-evidence motion for summary
judgment stated there was no evidence of breach of standard of care, proximate
cause, or damages, required elements of a cause of action for legal
malpractice.  Scherr also asserted there
was no evidence of elements essential to an action for deceptive trade
practices, including false, misleading, or deceptive act or practice as set
forth in the Texas Business and Commerce Code section 17.49, relied on to Reaux=s detriment, that was a producing
cause of damages.  He also pointed to the
failure by Reaux to pursue discovery.








Reaux failed to bring forth summary
judgment proof raising a fact issue, therefore, he has not properly carried his
burden for defeating the motion for summary judgment. Scherr sufficiently
stated the grounds on which it was moving for summary judgment, and the elements
to which there was no evidence under rule 166a(i).  A defendant who conclusively negates at least
one essential element of each theory pled by the plaintiff is entitled to
summary judgment.  Wornick Co. v.
Casas, 856 S.W.2d 732, 733 (Tex. 1993); see Camacho v. Samaniego,
954 S.W.2d 811, 817 (Tex. App.--El Paso 1997, pet. denied).  As Scherr=s motion for summary judgment met all
procedural requirements, and Reaux failed to present any evidence that would
preempt a summary judgment, the judge did not err in granting summary
judgment.  Reaux=s sole point of error is overruled.

Conclusion

Having overruled Reaux=s sole point of error, the judgment
of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

January 29, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.