Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB










Opinion issued September 14, 2006








     






In The
Court of Appeals
For The
First District of Texas








NO. 01-05-00331-CV
        








DONNA BANDA AND ROBYN WORTHEN, Appellants

V.

CITY OF GALVESTON, Appellee








On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 00-CV-0576








MEMORANDUM OPINION

                    Appellants, Donna Banda and her daughter, Robyn Worthen
(collectively, “the homeowners”), challenge the trial court’s order granting
summary judgment for the City of Galveston (“the City”) on their negligence
claim. We affirm.
Factual and Procedural Background
          Banda and Worthen lived together in the upstairs apartment of Banda’s
home and used the downstairs apartment for storage. In March 2000, while
cleaning a sewer line, the City blew sewage into Banda’s home. A few days later,
the homeowners noticed that sewage had backed up through the downstairs toilet
and had covered the floor and walls of the downstairs area.


 They contacted the
City and requested that it send someone to investigate the problem. The City hired
ServPro Clear Lake to remove the sewage from Banda’s home and to remove,
inventory, and discard items that had been damaged. ServPro informed the
homeowners that none of their belongings downstairs could be salvaged, and
ServPro inventoried, photographed, and discarded all of the belongings that were
located downstairs. 
          The homeowners sued the City for damage to their personal and real
property. As the owner of the home, Banda filed an inverse condemnation claim,
and the homeowners both filed a non-negligent nuisance claim. The trial court
granted the City’s motion as to the inverse condemnation claim, but denied the
motion as it related to the non-negligence nuisance claim.


 The homeowners
amended their petition, abandoned their non-negligence nuisance claim, and sued
the City “under a nuisance theory (negligence and waiver of liability) and
unconstitutional takings claim.” They asserted that, while using motor-driven
equipment, the City negligently performed its governmental function because it (1)
failed to maintain the sewer system, (2) failed to warn the homeowners of its
impending operations, and (3) it was on notice because it had blown sewage into
their home in 1995 or 1996. The homeowners re-asserted their unconstitutional
takings claim, which the trial court had previously dismissed in its order granting
the City’s motion for summary judgment and which was pending in this Court on
appeal.
          The City filed traditional and no-evidence motions for summary judgment
asserting that there was no evidence of negligence. Specifically, it contended that
there was (1) no evidence that it negligently failed to maintain the sewer; and (2)
no evidence that such alleged negligent failure to maintain caused the damages in
question; (3) no evidence of a duty to warn the homeowners; (4) no evidence that
the alleged failure to warn was negligent; (5) no evidence that the alleged failure to
warn caused the damages; (6) no evidence that it owed a duty not to perform the
operation; (7) no evidence that it was negligent in deciding to perform the
operation; and (8) no evidence that any such decision caused the sewage backup.
The City argued that governmental immunity bars the negligence claim because
the Texas Tort Claims Act’s waiver for damages caused by motor-driven
equipment does not apply, and the complained-of conduct involves discretionary
acts, which are protected by governmental immunity. The City attached to its
motion excerpts from the deposition of Jacinto Salas, a crew leader at the sewer
collection. Salas testified that he recalled one occasion where, under different
circumstances than were present in this case, sewage backed up into a home. He
explained that, in that case, the sewer main was full of grease, and he “got behind
the grease with the nozzle of the hose,” and, when he “went to pull back, there was
so much grease that the line didn’t get open,” and “it shot back” into the home. 
Salas testified that “normally it doesn’t go back into the home.” The City also
attached excerpts from the deposition of Ronnie Schultz, the pollution control
director for the Galveston County Health District for eight years. Schultz testified
that “this is actually the first [back up into a residence] that I heard about
personally.” Finally, the City attached excerpts from the deposition of Ben
Broadnax, who had been employed in Galveston’s sewer department for 19 years. 
Broadnax testified that he could only recall one other time when sewage backed up
into a residence. 
          The trial court granted the City’s motion for summary judgment without
stating its reasons for doing so.
Negligence



          In their sole point of error, the homeowners assert that the trial court erred in
granting the City’s motion for summary judgment on their negligence claim. 
Specifically, they assert that the City’s negligent acts in allowing sewage to enter
the house and failing to adequately inspect and clean the house caused toxic mold
to settle in the house, thereby making the house an uninhabitable nuisance. 
Standard of Review
          A party is entitled to a no-evidence summary judgment if, after adequate
time for discovery, there is no evidence of one or more essential elements of a
claim or defense on which an adverse party would have the burden of proof at trial. 
See Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the
nonmovant produces more than a scintilla of evidence raising a genuine issue of
material fact on each of the challenged elements. See Macias v. Fiesta Mart, Inc.,
988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
          In reviewing a no-evidence summary judgment, we must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in its favor. 
See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary
judgment is improperly rendered if the nonmovant presents more than a scintilla of
probative evidence to raise a genuine issue of material fact. Greathouse v. Alvin
Indep. Sch. Dist., 17 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). More than a scintilla of evidence exists when the evidence “rises to a level
that would enable reasonable and fair-minded people to differ in their
conclusions.” Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). 
Negligence
          Generally, governmental entities are immune from prosecution for
negligence except as provided by the Texas Tort Claims Act (the “Act”). See Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.001 (Vernon 2005). Under the Act, a
municipality may be held liable in tort for damages caused in the carrying out of its
governmental functions, including the operation and maintenance of sanitary
sewers. See id. § 101.0215(9), (32) (Vernon 2005). It is not enough, however, to
allege that such damages have occurred; it must be shown that the municipality has
waived its governmental immunity from suit. Dallas Area Rapid Transit v.
Whitley, 104 S.W.3d 540, 542 (Tex. 2003). 
          The homeowners assert that the City has waived its governmental immunity
under section 101.021(1)(A) of the Act


 because “the City used motor-driven
equipment during its pumping operations and [the] clearing of the [sewage] lines.” 
They also argue that the City knew or should have known that its procedure to
remove blockages from the sewage system caused problems.
          In order to survive summary judgment at the trial court level, the
homeowners must have put forth more than a scintilla of evidence that a genuine
issue of material fact existed such that reasonable and fair-minded people would
differ in their conclusions as to whether the City’s employees were negligent in
using or operating motor-driven equipment while cleaning the sewer line behind
the Banda home and that the damage arose from its negligent use or operation. See
LeLeaux v. Hamshire-Fannett ISD, 835 S.W.2d 49, 51 (Tex. 1992) (holding that it
must be governmental employee’s negligent operation or use of motor-driven
vehicle or piece of equipment that caused damage or injury). The homeowners
must show that there is a fact question as to whether (1) the property damage arose
from the operation or use of motor-driven equipment and (2) the City employee
would be personally liable to the homeowners. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1). 
          The City claims that the homeowners did not put forth any evidence to
support the claim that City employees negligently operated or used motor-driven
equipment in their attempts to clear a stoppage in the main sewer line and that their
property damage arose from such negligent use or operation. See Whitley, 104
S.W.3d at 543. We agree.
          In their response to the City’s motion for summary judgment, the
homeowners state that they have presented the following summary judgment
evidence that “establishes a genuine issue of material fact as to causation and
whether the City was negligent or whether the harm was caused by the City in the
course of their non-negligent performance of their governmental function” 
(emphasis added):
(1)The City had blown sewage into the [homeowners’] home back
in 1995 or 1996;
 
(2)Three City representatives told Banda they were responsible;
 
(3)ServPro talked with the insurance adjuster. The adjuster said he
talked with the City Manager, Mr. Ford, and Mr. Ford said the
City is responsible for the damages and that the insurance
company is definitely paying for all the damages;
 
(4)In a notice put out by the City around July of 2001, the City
documents that it had a problem with grease in the sewer lines,
and that the City has “realized for a few years now that the City
is in need of a grease control initiative,” that Galveston
experiences an unacceptable number of Dry Weather Sanitary
Sewer Overflows (DWSSOs) which results in wastewaters
overflowing “in some cases into homes,” and that 90 percent of
the DWSSOs “are directly caused by grease accumulations in
our main lines”;
 
(5)A city work order form dated March 3, 2000, shows that a City
crew “shot main line to clean stoppage” at 18th Street, Avenue
N 1/2 - Avenue O;
 
(6)Water Complaint Investigation form from the Galveston
County Health District Pollution Control Division shows that
the responsible party for the sewage back up at the Banda home
was “City of Galveston.” Two earlier investigations (on
October 28, 1999 and the other January 4, 2000), were also the
fault of the City of Galveston; 
 
(7)Ben Broadnax, technician in the City Sewer Department,
confirmed that his crew blew out the line in the alley behind
Banda’s house with the use of a truck and cleaning machine but
could not say how far past the complainant’s address they went. 
The City crew did not check every house on Banda’s block to
see if their sewage was backed up, even if they blew the entire
block. He also confirmed that the City has been having
problems over the last few years with sewage stoppage and that
the type of problems in the East End was due to grease. He
remembered one other time when sewage backed up into a
person’s home from shooting out the line;
 
(8)J. Salas, Crew Leader, confirmed that a high-pressure machine
was used to shot [sic] the main line in the alley behind Banda’s
home. Salas was also aware of another incident in which the
main was full of grease and when they shot the line, the sewage
shot into a house. He also testified that the only way they
would know if the sewage shot into a house was if the
homeowner notified the City;
 
(9)City workers tried to claim that the City was not liable by
testifying that on March 3rd they had not shot the line behind
Banda’s house, but later recanted; and
 
(10)In Defendant’s Second Supplemental Disclosures, the City
stated that proper procedures for cleaning the sewer lines were
followed.

(Internal record references omitted.) None of the evidence referenced in the
homeowners’ summary judgment response asserts that the City’s employees
negligently used the motorized equipment. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1) (To find waiver under the Act, one must have a finding that the
damage was caused by a motor-driven vehicle or equipment and the employee
would be personally liable).
          We overrule the homeowners’ sole point of error.
 
 
 
 
CONCLUSION
          We affirm the order of the trial court.

 
George C. Hanks, Jr.
Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Justice Keyes, dissenting.