

# NUMBER 13-11-00763-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**J.J. GARZA, OSCAR "COACH" SALINAS,**
**EDEN RAMIREZ JR., AND GABRIEL SALINAS,**                    **Appellants,**

**v.**

**JUAN "J.J." PENA, ADOLFO "FITO" SALINAS,**
**JOHN VALENTE ALANIZ, AND NARCISCO**
**"CHICHO" SOLIS,**                                          **Appellees.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

In this school board election contest case, appellants J.J. Garza, Oscar "Coach"

Salinas, Eden Ramirez Jr., and Gabriel Salinas challenge the summary judgment granted

in favor of appellees Juan "J.J." Pena, Adolfo "Fito" Salinas, John Valente Alaniz, and

Narcisco "Chicho" Solis. By six issues, appellants argue that the trial court erred in granting summary judgment because: both the no-evidence and traditional motions were substantively defective; appellants produced more than a scintilla of evidence; and appellees' summary judgment evidence was incompetent. We affirm.

## I. Background

Appellants filed a lawsuit contesting the results of the 2010 La Joya Independent School District school board election. Appellants were unsuccessful in their races for four seats on the school board; appellees were the winners of the four seats. In their petition, appellants alleged that 1100 voters who were ineligible for assistance were illegally assisted in voting in the election. *See* TEX. ELEC. CODE ANN. § 64.031 (West 2010) (providing that voters are eligible for assistance in marking their ballots if they have a physical disability rendering them unable to write or see or if they are unable to read the language in which the ballot is written). Appellants also alleged that some of the voters were illegally assisted by their employers or an agent of their employers. *See id.* § 64.032 (West 2010) (specifying who can assist a voter and prohibiting a voter's employer from providing that assistance). Finally, appellants alleged that election officials engaged in fraud by allowing the alleged illegal assistance. Appellants then claimed that the election results were invalid as a result of the illegal assistance, praying that the court either declare appellants the winners of the election or declare the results unascertainable and void and order a new election. *See id.* § 64.037 (West 2010) ("If assistance is provided to a voter who is not eligible for assistance, the voter's ballot may not be counted.").

Appellees filed no-evidence and traditional motions for summary judgment. In

2

their no-evidence motion, appellees argued that appellants had no evidence: that 1100 votes were illegally cast; that any voter actually voted pursuant to instructions provided by people providing assistance; or that there was actual fraud on the part of the people providing assistance. In their traditional motion, appellees argued that appellants' cause of action fails as a matter of law because election judges are not permitted to inquire as to the reasons a voter is asking for assistance, and as such, appellants cannot prove that there was any knowing fraud on the part of election officials. Appellants responded to the motions for summary judgment, attaching to their response the affidavits of several persons who reviewed lists of voters and averred that those voters did not qualify for assistance.

After a hearing, the trial court granted appellees' no-evidence motion, finding that appellants "failed to prove any fraud or illegality with respect to the November 2010 La Joya ISD School Board Election."

## II. Standard of Review

In a no-evidence summary judgment motion under rule 166a(i), the movant must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i). The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements. *Id.* When reviewing a no-evidence summary judgment ruling, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A no-evidence summary judgment motion is properly granted when the non-movant brings forth less than a scintilla of evidence to raise a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i). Less

3

than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion." *Macias*, 988 S.W.2d at 317 (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Conversely, more than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). Because the propriety of granting or denying a summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

### III. Applicable Law

The right to vote should be as zealously guarded as are natural rights, and statutes regulating that right should be liberally interpreted in favor of the right. *Mahaffey v. Gill*, 459 S.W.2d 919, 922 (Tex. Civ. App.—Texarkana 1970, no writ); *Wooley v. Sterrett*, 387 S.W.2d 734, 738 (Tex. Civ. App.—Dallas 1965, no writ). For this reason, the statutes regulating the manner of holding an election are generally directory, and a departure from their provisions will not ordinarily invalidate an election unless such departure affects or changes the results of the election. *Wright v. Bd. of Trs. of Tatum Indep. Sch. Dist.*, 520 S.W.2d 787, 793 (Tex. Civ. App.—Tyler 1975, writ dism'd). Election contestants must therefore allege and prove particularized material irregularities in the conduct of the election and establish either: (1) that a different and correct result should have been reached by counting or not counting certain specified votes affected by the irregularities; or (2) that the irregularities were such as to render a determination of the true will of the majority of the voters impossible. *Id.*; *White v. Hearne*, 514 S.W.2d 765, 767 (Tex. Civ. App.—Waco 1974, no writ); *see also Concerned Citizens for Better Educ., Inc. v.*

4

*Woodley*, 623 S.W.2d 488, 491 (Tex. App.—Texarkana 1981, writ dism'd) ("The burden is on the contestant to prove that irregularities in the conduct of an election occurred which affected the outcome of the election. As a policy, declared election results should be upheld unless there is convincing evidence of an erroneous result."). Specifically, absent evidence that any voter actually voted pursuant to instructions of an election judge, and absent evidence of fraud on part of any election judge or official, an election should not be invalidated. *Wooley*, 387 S.W.2d at 741–42.

## IV. Discussion

By three issues, appellants challenge the no-evidence summary judgment. First, appellants argue that appellees' no-evidence motion is substantively defective in that it did not identify the specific elements of appellants' causes of action for which there was no evidence. *See* TEX. R. CIV. P. 166a(i). Because appellees' no-evidence motion did not comply with rule 166a(i), appellants argue that the trial court erred in shifting the burden to appellants to overcome the motion. Finally, appellants argue that they produced more than a scintilla of evidence such that the trial court erred in granting summary judgment on a no-evidence basis.

We first address appellants' substantive-defect argument. Appellants contend that they brought four separate causes of action and that appellees' no-evidence motion failed to specifically identify the element or elements in each of these causes of action for which there was no evidence. In their brief, appellants identify the following as separate causes of action:

    (1)    1100 voters voted illegally because they requested assistance for which they were not entitled . . . ;

5

(2)    voters were provided assistance by their employer or an agent of the employer . . . ;

(3)    the election officials engaged in other fraud or illegal conduct or made mistakes by allowing such assistance . . . ; and

(4)    there were voting irregularities in the counting and casting of ballots to such an extent that the true outcome would be that the Appellants won the election or that the election could not be ascertained, thereby warranting a new election.

We disagree that the foregoing are separate causes of action. Rather, (1) and (2) are the factual allegations underlying appellants' ultimate election contest cause of action embodied in (3) and (4)—i.e., that the illegal assistance caused material irregularities in the conduct of the school board election. In their motion, appellees asserted that there was no evidence that any voter actually voted pursuant to instructions provided by people providing assistance, an assertion clearly directed to the required election-contest element that the alleged irregularity must affect the outcome of the election. *See Wright*, 520 S.W.2d at 793; *Wooley*, 387 S.W.2d at 741-42. As such, we are not persuaded by appellants' argument that appellees' motion was substantively defective.

Next, appellants argue that they produced enough evidence to survive the no-evidence motion. Appellants point to the affidavits attached to their summary judgment response, in which a series of poll watchers and other persons averred that certain voters, totaling approximately 1100, were not eligible for the assistance they received at the polls. For the sake of our review, we view this evidence in the light most favorable to appellants and will assume that, indeed, 1100 votes should not have been counted. *See Macias*, 988 S.W.2d at 317; *see also* TEX. ELEC. CODE ANN. § 64.037. Regardless, appellants were still required to produce evidence that those 1100

6

illegally-assisted voters voted pursuant to the instructions of the persons assisting them and that this affected the outcome of the election or created a situation that rendered determining the true will of the voters impossible.  *See Wooley*, 387 S.W.2d at 741–42; *see also Wright*, 520 S.W.2d at 793.  In other words, even assuming there were violations of the provisions of the election code governing who can receive assistance at the polls, those provisions are merely directory, and appellants' ultimate burden was to produce more than a scintilla of evidence that the alleged irregularities affected the outcome of the election.  *See Wright*, 520 S.W.2d at 793; *Wooley*, 387 S.W.2d at 741–42.  Appellants produced no such evidence and, as a result, failed to meet their burden.  In light of the foregoing, we cannot conclude the trial court erred in granting no-evidence summary judgment to appellees.  *See* TEX. R. CIV. P. 166a(i); *Macias*, 988 S.W.2d at 317.  Appellant's first three issues are overruled.[1]

## V. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 7th
day of February, 2013.

---

[1] Having concluded that the trial court did not err in granting appellees' no-evidence summary judgment, we need not address appellants' issues regarding the traditional motion for summary judgment. *See* TEX. R. APP. P. 47.1; *see also E. Hill Marine, Inc. v. Pinker Boat Co.*, 229 S.W.3d 813, 816 (Tex. App.—Fort Worth 2007, pet. denied) (explaining that if the movant has filed a proper no-evidence motion for summary judgment and the non-movant has failed to produce more than a scintilla of evidence under the standards of rule 166a(i), there is no need to analyze whether the movant's summary judgment proof satisfied the burden set forth for traditional summary judgment under rule 166a(c)).