

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00310-CV

Calletano "Cano" **VERA** and Pamela Vera,
Appellants

v.

**CIVRON PETROLEUM RESOURCES**, LLC,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 14-05-0332-CVA
Honorable Russell H. Wilson, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice
    Jason Pulliam, Justice

Delivered and Filed:  December 14, 2016

REVERSE AND REMAND

### INTRODUCTION

In this appeal, Calletano and Pamela Vera challenge the trial court's granting of Civron

Petroleum Resources's ("Civron") no-evidence motion for summary judgment.  Among other

arguments, the Veras contend the trial court erred because they presented sufficient summary

judgment evidence to raise a genuine issue of material fact to preclude summary judgment.

We agree, and therefore, conclude the trial court erred by granting the no-evidence summary judgment motion. Thus, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## BACKGROUND

This action arose from a contract executed on July 10, 2006, and signed by the Veras and Regency Energy, Inc. under which the Veras allowed Regency to construct, maintain, and operate a pipeline across their property in exchange for an initial payment of $3,500 and annual payments of $7,000 (hereinafter referred to as "the Right of Way Agreement"). Civron was neither mentioned within nor signed this contract. On September 16, 2009, an amended agreement ("the Amendment") was executed. It is undisputed that the Amendment retained all original terms and conditions of the Right of Way Agreement except the annual payment was reduced from $7,000 per year to $5,500 per year and the yearly payment was required to be paid even if the pipeline is not utilized. The Amendment was signed by Royis Ward, as representative of Regency, and by Carl Glenn, as representative of Civron. The Amendment does not contain either of the Veras' signatures.

On May 1, 2014, appellants Calletano and Pamela Vera filed suit against Civron and other parties asserting breach of contract. Civron was properly served on May 8, 2014. On June 24, 2014, Don Wyper, the President of Civron and a non-attorney, filed a general denial on behalf of Civron, but failed to serve this answer on counsel for the Veras. On September 20, 2015, the Veras filed a motion for no-answer default judgment, setting the matter for a hearing on October 7, 2015. On September 25, 2015, attorney Tomas Ramirez III wrote and sent a letter to the Veras' attorney in which he purported to represent Civron and asserted a general denial was filed on June 24, 2014. Ramirez did not enter an appearance for Civron and did not appear at the default judgment hearing on October 7, 2015. At the hearing, the Court reset the matter to November 16, 2015, and on that

date, again reset the matter for hearing on January 6, 2016. Subsequently, on November 24, 2015, Tomas Ramirez entered an appearance as counsel for Civron and simultaneously filed a "First Amended Answer" and a no-evidence motion for summary judgment.

The Veras objected to the no-evidence motion for summary judgment asserting they were not afforded adequate time for discovery to respond to the motion. The Veras also objected to the motion because it contained fatal errors, such as, it was conclusory, failed to state that an adequate time for discovery had passed and failed to specify which element of the Veras' cause of action was not supported by evidence. Finally, the Veras contended the motion should be denied because the evidence they presented raised a genuine issue of material fact whether Civron was a party to and obligated by the Amendment and whether Civron breached the contract.

The trial court held a hearing on Civron's no-evidence motion for summary judgment on February 22, 2016, and signed an order granting the motion on the same day. The order states that the trial court considered "evidence presented". The Veras perfected this appeal.

## ANALYSIS

### *Standard of Review and Governing Law*

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The party need not present summary judgment evidence, but must state the elements as to which there is no evidence. *Id.*; *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3–4 (Tex. App.—San Antonio 2001, pet. denied).

Once a no-evidence motion has been filed in accordance with rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged elements.

*Holloway v. Texas Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 211 (Tex. App.—Tyler 2009, no pet.); *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316–17 (Tex. App.—Houston [14th Dist.] 1999, no pet.). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to the challenged essential element of the nonmovant's claim. TEX. R. CIV. P. 166a(i); *see Macias*, 988 S.W.2d at 317. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995); *Macias*, 988 S.W.2d at 317. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

We review a trial court's granting of a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We will uphold a no-evidence summary judgment only if the summary judgment record reveals no evidence of the challenged element, i.e., (a) there is a complete absence of evidence as to the challenged element; (b) the evidence offered to prove the challenged element is no more than a mere scintilla; (c) the evidence establishes conclusively the opposite of the challenged element; or (d) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove the challenged element. *Holloway*, 282 S.W.3d at 210–11; *Taylor–Made Hose, Inc. v. Wilkerson*, 21 S.W.3d 484, 488 (Tex. App.—San Antonio 2000, pet. denied). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

*Application*

The four elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *MacIntire v. Armed Forces Benefit Ass'n*, 27 S.W.3d 85, 88–89 (Tex. App.—San Antonio 2000, no pet.). "The threshold question is whether a contract exists." *Id.*

In its motion, Civron did not assert specifically which elements of the Vera's breach of contract cause of action it contended held no evidentiary support. Instead, Civron stated generally, "[n]o evidence exists in the following areas without which this breach of contract claim cannot stand:…."[1] The Veras contend on appeal Civron's motion for summary judgment was defective for this reason, and therefore, should not have been granted. For the sake of efficiency, we will assume without deciding that Civron's no-evidence motion was filed in accordance with Rule 166a(i). We will, thereby, liberally construe the nine "areas" listed in Civron's motion to challenge two elements of the breach of contract cause of action: existence of a contract and breach of the contract.

The Veras assert the trial court erred by granting Civron's no-evidence motion for summary judgment because they presented more than a scintilla of evidence to raise a genuine issue of material fact whether a contract existed between Civron and the Veras and whether Civron

---

[1] The nine "areas" listed are: (1) no evidence exists that Civron was ever a party to the original contract; (2) no evidence exists that the individual who signed the Amendment on behalf of Civron had any legal authority to enter into contracts on behalf of Civron; (3) no evidence exists that Civron received any consideration for signing the Amendment, or benefited in any way from the signing of the Amendment; (4) no evidence exists that either the original contract or the Amendment required any person or entity to make the annual right of way payments, except for Regency Energy, its successors and assigns; (5) no evidence exists that Civron was ever a successor or assign of Regency Energy; (6) no evidence exists that the Amendment altered any of the original contract terms with regards to what person or entity was required to make the annual right of way payments; (7) no evidence exists that the Amendment now requires Civron to make the annual right of way payments; (8) no evidence exists that Civron had any duties under the original contract; and (9) no evidence exists that Civron had any duties or responsibilities under the Amendment.

breached this contract. The Veras contend the evidence presented in their amended response raises a genuine issue of material fact whether Civron was a party to the Amendment, whether Civron was obligated to make payments under the Amendment, whether Civron's action in making the 2009 payment exemplified its undertaking of this contractual obligation, whether Civron breached the agreement by discontinuing payments and whether the Veras incurred damages as a result.

The Veras attached evidence to their amended response to Civron's no-evidence motion for summary judgment which included an affidavit from Pamela Vera, the subject Right of Way Agreement, the Amendment and Civron's responses to the Veras' requests for admissions.

Even though the Right of Way Agreement was not signed by a Civron representative, the Amendment, which retained all original terms with some modification, is signed by Carl R. Glen as representative of "Civron Petroleum Res., LLC." In its answers to requests for admissions, Civron admitted that it made the first $5,500 payment under the Amendment, the check was written to Calletano and Pamela Vera, was drafted from Civron's account, was signed by Victoria Wyper and contained the notation for "Right-of-way". Finally, the Veras also submitted summary judgment evidence of the check written by Civron and the business cards of Carl Glen, as "VP Field Operations" and Don Wyper, as "President" of Civron Petroleum Resources.

Taking as true all evidence favorable to the Veras, the nonmovants, and indulging all reasonable inferences and resolving all doubts in their favor, the summary judgment evidence consists of more than a scintilla of evidence to create a fact issue whether Civron was a party to the Amendment, was contractually obligated by the Amendment and whether Civron breached the Amendment contract. The evidence is undisputed that Carl Glenn was an employee and representative of Civron and signed the Amendment as Civron's representative. Although Civron contends Glenn had no authority to bind it by contract, the evidence at least raises a genuine issue of material fact whether Glenn's signature bound Civron to the contractrual obligations therein.

The evidence is undisputed that Civron paid the Veras the 2009 financial obligation under the contract, but failed to make the remaining payments. Based upon this presentation of evidence, a genuine issue of material fact exists regarding whether Civron was a party to the Amendment, incurred contractual obligations therein, fulfilled a portion of its contractual obligation and then failed to fulfill the remaining obligations.

Because the Veras presented more than a scintilla of evidence to raise a genuine issue of material fact whether Civron was a party to the Amendment and breached the Amendment, we conclude the trial court erred by granting Civron's no evidence motion for summary judgment. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion. The Veras' costs of appeal are assessed against Civron.

Jason Pulliam, Justice