# NO. 12-21-00037-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THERESA BREEDLOVE AND BOB BREEDLOVE,* <br> *APPELLANTS* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ANTHONY VINCENT MOFFITT, DECEASED, ORKIN, LLC, AND ROLLINS, INC.,* <br> *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Theresa Breedlove and Bob Breedlove (collectively Breedlove) appeal the trial court's summary judgment rendered in favor of Appellees Orkin, LLC (Orkin) and Rollins, Inc (Rollins) (collectively Appellees).  In two issues, Breedlove contends that the trial court improperly granted summary judgment for Appellees because there is more than a scintilla of evidence that (1) Orkin's employee was acting within the course and scope of his employment at the time of the accident at issue and (2) Rollins, as the parent company of Orkin, exercised such a right of control that it could be liable under the theory of respondeat superior.  We affirm.

### BACKGROUND

This case stems from a head-on automobile collision, which occurred on September 11, 2018, at 12:15 p.m.  The record reflects that at that time, Orkin employee Anthony Moffit was driving westbound in his vehicle on West Grande Boulevard, in Tyler, Texas when the vehicle he was driving suddenly veered into oncoming traffic and struck the vehicle driven by Theresa Breedlove.  Moffit was killed in the collision; Theresa suffered serious injuries.

1

Breedlove filed the instant suit on October 9, 2019, in which they alleged that Theresa's injuries were caused by Moffit's negligence. By way of amended pleadings, they alleged that Orkin and Rollins also were liable for Moffit's negligence under the doctrine of respondeat superior.

On November 15, Appellees filed both traditional and no evidence motions for summary judgment, in which they alleged that there is no evidence to support that (1) Moffit was acting within the course and scope of his employment with Orkin at the time of the accident and (2) Rollins is not vicariously liable for any of Orkin's alleged negligence because the services it provides Orkin do not extend to the day-to-day management of Orkin's pest control business. Breedlove responded and, ultimately, on October 14, 2020, the trial court granted both Appellees' traditional and no evidence summary judgment motions. Following an order severing the suit against Appellees from the suit against Moffit, Breedlove appealed.

## SUMMARY JUDGMENT

In their first issue, Breedlove argues that the trial court erred in granting Appellees' traditional and no evidence motions for summary judgment because there is more than a scintilla of evidence to support that Moffit was acting within the course and scope of his employment at the time of the accident.

### Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A defendant who conclusively negates at least one essential element of the nonmovant's cause of action is entitled to summary judgment as to that cause of action. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Id.* Once the movant establishes a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). The only question is whether an issue of material fact is presented. *See* TEX. R. CIV. P. 166a(c).

Additionally, after an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.–Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See id.*

When reviewing traditional and no evidence summary judgments, we perform a de novo review of the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952); *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Lastly, when a party moves for both a traditional and a no evidence summary judgment, we ordinarily review first the trial court's summary judgment under the no evidence standard of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no

evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.*; *but see* **Neurodiagnostic Tex., L.L.C. v. Pierce**, 506 S.W.3d 153, 163 (Tex. App.–Tyler 2016, no pet.) (rule dictating court of appeals' order of analysis when party moves for both traditional and no evidence summary judgment not absolute).

## Respondeat Superior

The common law doctrine of respondeat superior, also known as vicarious liability, is an exception to the general rule that a person has no duty to control another's conduct. *See* **Painter v. Amerimex Drilling I, Ltd.**, 561 S.W.3d 125, 131 (Tex. 2018). It provides that "liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them." *Id.* at 130 (quoting **St. Joseph Hosp. v. Wolff**, 94 S.W.3d 513, 540 (Tex. 2002)). To prove an employer's vicarious liability for an employee's negligence, the plaintiff must show that, at the time of the negligent conduct, the employee was acting in the course and scope of his employment. *Painter*, 561 S.W.3d at 131. In the "course and scope of employment" means within the scope of the employee's general authority, in furtherance of the employer's business, and for the accomplishment of the object for which he was hired. *Id.* (quoting **Goodyear Tire & Rubber Co. v. Mayes**, 236 S.W.3d 754, 757 (Tex. 2007)). Additionally, to be within the scope of employment, the employee's act must be of the same general nature as, or incidental to, the authorized conduct. *Painter*, 561 S.W.3d at 131. Thus, if an employee deviates from the performance of his duties for his own purposes, his employer is not responsible for what occurs during that deviation. *Id.*

## Summary Judgment Evidence of "Course and Scope"

In their brief, Breedlove argues that they provided more than a scintilla of evidence in response to Appellees' no evidence motion for summary judgment to demonstrate that Moffit was acting within the course and scope of his employment at the time of the accident. Specifically, as it relates to respondeat superior, the evidence in the summary judgment record is as follows:

> • Moffit was employed by Orkin as an outside salesman (Orkin Commercial Account Manager). Among his job duties was to meet with established and potential customers to make pest control sales for Orkin.

• Moffit's job did not require him regularly to report to the Orkin office in the mornings, and on the day in question, Moffit began his workday working from home. He sent an email to a potential customer at 8:20 a.m. He had multiple business phone calls that morning, including a conversation with Arnoldo Hernandez at La Hacienda Restaurant at 10:36 a.m. and Lakisha Price at Journeys of the Heart daycare at 10:44 a.m.

• Moffit had two appointments scheduled for that day, but at no specified time—one with Price at the daycare facility at Mount Cavalry Baptist Church, located at 806 Duckenfield, Tyler, Texas 75702, and another for later that evening with Hernandez at La Hacienda in Whitehouse, Texas.

• Moffit left his house sometime after 11:28 a.m. and was driving his personal vehicle, which he often used for work and which had a Texas Pest Control License number belonging to Orkin affixed to it. No Orkin logo was displayed on the vehicle.

• The accident occurred on West Grande Boulevard at 12:15 p.m.

• Orkin's office is located approximately one mile to the north of the accident site.

• Moffit was wearing a shirt with the Orkin logo on it at the time of the accident, which he was required to wear while he was working. Moffit's wife testified that he rarely ever wore his Orkin shirt when he was running personal errands.

• Moffit's wife testified that it was possible that Moffit was traveling to the Orkin office from their home in the event he needed to pick up supplies before meeting with customers scheduled for later during a workday.

• Moffit had an upcoming trip to California planned on September 12, 2018. The day before the accident, he told his wife that he was going to finish up some items for work and prepare for his vacation.

• Price called Orkin at 2:14 p.m. to inquire about Moffit's whereabouts.

From the aforementioned evidence, there is no doubt that Moffit was working on the day in question, but the evidence does not permit a factfinder reasonably to determine the location of Moffit's primary destination at the time of the accident so as to support a finding that he was within the course and scope of his employment at that time. Appellees argue that the evidence supports a finding that Moffit either (1) was driving somewhere to conduct personal business in preparation for his upcoming trip to California or (2) was driving to the Orkin office. Breedlove contends that the evidence supports that Moffit either was driving to the Orkin office or was driving to meet with Price at the daycare facility. Breedlove challenges the strength of the inference underlying Appellees' contention that Moffit was on a personal errand at the time of the accident, but even if we were to agree with Breedlove on this point, the outcome would not change.

**The "Coming and Going Rule"**

One particular rule that has developed in the context of course-and-scope-of-employment law is the "coming-and-going rule." *EAN Holdings, LLC v. Arce*, 636 S.W.3d 290, 295–96 (Tex. App.–Fort Worth 2021, pet. filed); *see also Painter*, 561 S.W.3d at 131. Under this rule, in the third-party liability context, the criteria for course and scope of employment generally are not met when an employee is traveling to or from work. *See Painter*, 561 S.W.3d at 139 ("We confirm that the coming-and-going rule, under which an employee is generally not acting within the scope of his employment when traveling to and from work, applies in the vicarious-liability context"). Thus, since the evidence suggests the possibility that Moffit was en route to the Orkin office at the time of the accident, we must consider whether the "coming and going" rule applies if that was, in fact, his primary destination.

Breedlove argues that the facts of this case are distinguishable from the more typical scenario involving the application of the coming and going rule wherein an employee with a more traditional work schedule is driving from home to the office or vice-versa, since the evidence demonstrates that Moffit began his workday working from home and regularly conducted business away from the Orkin office. Thus, Breedlove suggests that since Moffit already had begun his workday, the coming and going rule should not apply in the event that his primary destination at the time of the accident was the Orkin office. However, Breedlove cites to no authority, nor is this court aware of any such authority, which supports such an exception to the coming and going rule.

The parties have discussed cases which, although they are not directly on point, are pertinent to our analysis. For instance, one of our sister courts has held that business calls with an "on call" employee both before and after, but not at the time of, the accident does not indicate that the employee was within the court and scope of his employment at the time of the accident when the evidence demonstrated that he was driving home. *See Mejia-Rosa v. John Moore Servs., Inc.*, No. 01-17-00955-CV, 2019 WL 330972, at *8–9 (Tex. App.–Houston [1st Dist.] Jul. 25, 2019, no pet.) (mem. op.). Furthermore, another of our sister courts has held that an employee's negligent conduct did not occur while he was acting in the course and scope of his employment because, despite his having worked from home in the past, the evidence demonstrated that the conduct occurred when he was on his way home from work, the employee did not intend to work from home that evening, and did not, in fact, work from home that

evening. *See Arce*, 2021 WL 4783156, at *6. These cases are relevant inasmuch as they suggest the importance of maintaining the focus of our analysis on the employee's conduct at the time of the accident and not the overall nature of the employee's role with the company. *See also Farrell v. Com. Structures & Interiors, Inc.*, No. 05-02-0031-CV, 2002 WL 31411022, *2–3 (Tex. App.–Dallas Oct. 28, 2002, no pet.) (op., not designated for publication) (employee driving home with stated purpose to work from home not within course and scope when involved in accident while driving home). Based on the aforementioned holdings and absence of any caselaw which provides the exception to the coming and going rule similar to that for which Breedlove advocates, we conclude that in this case, in the event Moffit's primary destination was the Orkin office, the coming and going rule applies.

**Discussion**

Here, the location of the accident along with other circumstantial evidence[1] suggests at least two plausible primary destinations for Moffit at the time of the accident—the Orkin office or the daycare facility. But only evidence which supports a finding that Moffit was driving directly to the daycare facility would support a conclusion that Moffit was acting within the course and scope of his employment at the time of the accident. *See Painter*, 561 S.W.3d at 139 (coming and going rule). Breedlove contends that evidence that Moffit was scheduled to go to the daycare facility some time that day coupled with the fact that Price called Orkin at 2:14 p.m. to inquire as to Moffit's whereabouts, satisfies their burden to provide evidence that Moffit was driving directly to the daycare facility at the time of the accident. *See* Tex. R. Civ. P. 166a(i). We disagree.

The circumstantial evidence upon which Breedlove relies is highly speculative and amounts to little more than conjecture. *See, e.g.*, *Jones v. Coppinger*, No. 08-20-00040-CV, 2021 WL 3878878, at *6 (Tex. App.–El Paso Aug. 31, 2021, no pet.) (op.) (when plaintiff's claim based solely on speculation or conjecture, summary judgment is appropriate). Ultimately, given the nature of the summary judgment evidence on which Breedlove relies, no factfinder reasonably could determine Moffit's primary destination at the time of the accident. Thus, we

---

[1] The equal inference rule provides that a jury may not reasonably infer an ultimate fact from meager circumstantial evidence "which could give rise to any number of inferences, none more probable than another." *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001). Thus, in cases with only slight circumstantial evidence—such as the location of the accident in this case—something else must be found in the record to corroborate the probability of the fact's existence or nonexistence. *See id.*

conclude that the summary judgment evidence does not amount to more than a scintilla of evidence to support that Moffit was acting within the course and scope of his employment for Orkin at the time of the accident. Accordingly, we hold that the trial court did not err in granting Appellees' no evidence motion for summary judgment on this ground. Breedlove's first issue is overruled.[2]

## DISPOSITION

Having overruled Breedlove's first issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered April 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Because we have overruled Breedlove's first issue, we need not consider their second issue of whether Rollins may be held vicariously liable for Orkin's conduct. *See* TEX. R. APP. P. 47.1.

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 29, 2022**

**NO. 12-21-00037-CV**

**THERESA BREEDLOVE AND BOB BREEDLOVE,**
Appellants
V.
**ANTHONY VINCENT MOFFITT, DECEASED,
ORKIN, LLC, AND ROLLINS, INC.,**
Appellees

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 18-2328-B/S)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellants, **THERESA BREEDLOVE AND BOB BREEDLOVE**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

9