**Affirmed and Memorandum Opinion filed December 5, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00007-CV

**DALIO HOLDINGS I, LLC, Appellant**

**V.**

**BRMK LENDING, LLC, Appellee**

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2019-61734-A**

### MEMORANDUM OPINION

In a dispute between two lienholders after the borrower defaulted its payments to them, appellant Dalio Holdings I, LLC ("Dalio") appeals a final judgment awarded to the senior lienholder, appellee BRMK Lending, LLC ("Broadmark") pursuant to two successive motions for summary judgment. Because Dalio did not raise a fact issue in response to the motions, we affirm.

# I.   BACKGROUND

Dalio sold real property located at 411 North Sam Houston Parkway East, Houston, Texas ("the Property") to buyer Grove Enterprises, LLC ("Grove") for $7,500,000.00 in January 2019. Grove financed the purchase with a $4,870,410.00 loan from Broadmark and $3,570,206.70 in owner-financing from Dalio. Broadmark secured its loan to Grove with a deed of trust on the Property recorded on January 22, 2019. As a condition of Grove's financing, Broadmark also required a subordination agreement signed by Dalio to memorialize that Broadmark's lien took priority over Dalio's lien. Dalio signed the subordination agreement and later recorded its lien on the property on March 27, 2019.

Per Dalio, Grove failed to make a single payment on the owner-financed loan, and so Dalio initiated foreclosure. In August 2019, Grove filed suit against Dalio. The trial court granted a temporary injunction enjoining Dalio's foreclosure on the Property and finding sufficient evidence that Dalio had defrauded Grove in the property sale. By the summer of 2020, Grove defaulted on its loan with the senior lienholder, Broadmark. Broadmark intervened in Grove and Dalio's lawsuit, and the parties filed multiple other lawsuits that were consolidated into the underlying action.[1]

After COVID-pandemic restrictions against foreclosure sales were lifted, Broadmark gave notice on April 8, 2021, that it had scheduled a foreclosure sale of the Property. The Property sold at the foreclosure sale in October 2021.

Broadmark thereafter filed two successive, no-evidence motions for summary judgment in the parties' litigation, challenging Dalio's claims against it

---

[1] *BRMK Lending LLC v. Grove Enters., et al.*, No. 2020-48407 (190th Dist. Ct., Harris County, Tex. Aug. 13, 2020); *Dalio Holdings I LLC v. Polk, et. al*, No. 2021-39905 (113th Dist. Ct., Harris County, Tex. Jul. 2, 2021). Although not a party to this appeal, Grove's sole member-manager, Harold Polk ("Polk"), was also a litigant in the proceedings below.

for statutory real estate fraud, conspiracy, breach of contract, declaratory judgment, and to quiet title. The trial court granted both motions, the first on June 13, 2022, and the second on July 11, 2022. On July 18, 2022, Broadmark, Grove, and Polk nonsuited their claims against one another, leaving no live claims against Broadmark. With all claims against it resolved, Broadmark moved to sever the orders into a final judgment, which the trial court granted. This appeal followed.

## II. STANDARD OF REVIEW

"We review summary judgments de novo." *Tex. Workforce Comm'n v. Wichita Cnty.*, 548 S.W.3d 489, 492 (Tex. 2018). We review no-evidence motions for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A party without the burden of proof at trial, after adequate time for discovery, may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. Tex. R. Civ. P. 166a(i). "In a no-evidence summary judgment, the movant must specifically state the elements as to which there is no evidence. The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements." *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316–17 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla exists "when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Macias*, 988 S.W.2d at 317 (internal quotation marks omitted). Conversely, "[l]ess than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion." *Id*. (internal quotation

3

marks omitted).

In reviewing the motion, we view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "Summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Wichita Cnty.*, 548 S.W.3d at 492.

### III. FIRST MOTION FOR SUMMARY JUDGMENT

In its first and third issues, Dalio contends that the trial court erred in (1) granting Broadmark's first motion for summary judgment on Dalio's claims for statutory real estate fraud, conspiracy, and declaratory judgment; and (2) applying the standard applicable for a no-evidence motion for summary judgment instead of a traditional motion for summary judgment.

### A. CHALLENGED ELEMENTS OF CLAIMS

Initially, we address Dalio's argument that Broadmark's first no-evidence motion for summary judgment was conclusory and did not identify which elements of Dalio's claims it was challenging. Dalio argues that because Broadmark did not specify the elements it was challenging, the trial court should have instead addressed Broadmark's motion under standards for a traditional summary judgment. We thus review the elements of each of these causes of action and which elements, if any, Broadmark specifically challenged.

#### 1. Statutory Real Estate Fraud

The cause of action for statutory fraud in a transaction involving real estate can be committed through either a "false representation" or a "false promise to do an act." *See* Tex. Bus. & Com. Code Ann. § 27.01(a)(1),(2). The elements of a

such a claim require a showing by Dalio that (1) during a transaction involving real estate; (2) Broadmark made a false representation of material fact to Dalio or a false promise to Dalio; (3) to induce Dalio to enter into a contract; (4) and Dalio relied on the false representation or promise by entering into the contract. *See id.*; *Fibela v. Wood*, 657 S.W.3d 664, 673 (Tex. App.—El Paso 2022, no pet.). In its motion, Broadmark specifically challenged elements (2), (3), and (4). Broadmark sufficiently identified the elements of statutory real estate fraud it was challenging.

## 2. Conspiracy

Dalio contends that defendants committed conspiracy by acting in concert to unlawfully extinguish Dalio's lien; "then going behind [Dalio's] back to foreclose the superior lien thereby extinguishing the junior lien;" and agreeing to act in concert against Dalio's interests in violation of the law. Civil conspiracy consists of the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Broadmark set forth these elements and identified that it was challenging "each of the elements." This adequately identified the elements it was challenging. *Cf. Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017) (a movant inadequately specifies the elements if it states "one or more" or "any of" the elements "because this language does not clearly identify which elements, whether some or all, are challenged").

## 3. Declaratory Judgment

In its petition, Dalio sought a declaration that: "(i) [Dalio's] interest in the Property constitutes a legally-protectable interest and (ii) Defendants possess no right, title, or interest in or to the Property superior to [Dalio's] right, title, and interest." Broadmark's motion specified that "Dalio has not produced, and cannot

produce, any evidence supporting its allegations" that Dalio possessed an "interest that is superior to Broadmark's interest" in the Property. This is sufficient identification of the element Broadmark was challenging. *See, e.g.*, *Lewis v. Aurora Loan Servs.*, No. 01-15-00362-CV, 2016 WL 887176, at *3 (Tex. App.—Houston [1st Dist.] Mar. 8, 2016, no pet.) (mem. op.) (no-evidence motion for summary judgment sufficiently identified element of declaratory judgment claim by challenging "lack of evidence to support his claim that MERS is not entitled to foreclose of the Property").

We conclude that Broadmark set forth the elements of Dalio's claims for statutory real estate fraud, conspiracy, and declaratory judgment and sufficiently identified which elements it was challenging. The trial court did not err in considering Broadmark's motion under the standard for a no-evidence motion for summary judgment.

## B.    EVIDENCE SUPPORTING CHALLENGED ELEMENTS

Next, Dalio contends that it raised a fact issue for each of the above claims. The basis of its argument is that Broadmark's deed of trust is unenforceable due to allegations made in the trial court by Grove and Polk. If Broadmark's lien is unenforceable, then Dalio moves into the position of senior lienholder.

Instead of discrete evidence for each challenged element, Dalio directs this court to Grove and Polk's answer to the lawsuit, in which they allege that (1) the title company forged Polk's signature on Grove's promissory note with Broadmark and (2) the notary's signature is missing in two blanks on an Affidavit Regarding Business Use of Loan Proceeds.[2] However, pleadings generally do not qualify as

---

[2] Despite these allegations, Grove and Polk admit in their answer that they "attended closing of the transaction and executed certain documents" at the title company on January 11, 2019.

summary judgment evidence. *See Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818–19 (Tex. 2021). Pleadings from Grove and Polk fall within this general rule and cannot be used by Dalio to create a fact issue on Broadmark's motion. *See Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 824 (Tex. 2022) (per curiam) (concluding pleadings generally do not qualify as summary-judgment evidence, though movants may rely on allegations in the nonmovant's pleadings that constitute judicial admissions). Because Dalio relies on this pleading as the basis for a fact issue on each of its above claims, it has failed to raise a fact issue on them.

Dalio argues it created a fact issue as to Broadmark's first motion with evidence that Dalio attached to its response to the second no-evidence motion for summary judgment. Unless leave of court is granted, the deadline to file summary judgment evidence is not later than seven days prior to the day of the hearing. *See* Tex. R. Civ. P. 166a(c). Where nothing appears in the record to indicate that late-filed summary judgment evidence was filed with leave of court, we presume that the trial court did not consider it. *See INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985). The record must contain an affirmative indication that the trial court permitted the late filing of the response, such as a separate order, a recital in the summary judgment, or an oral ruling contained in the reporter's record. *See Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Here, the trial court granted Broadmark's first no-evidence motion for summary judgment on June 13, 2022. Dalio filed its response to Broadmark's second motion on July 5, 2022. Nothing in the record indicates that the trial court considered Dalio's July 5, 2022, response as late-filed evidence for the first motion. Dalio's argument is unavailing.

Because we conclude that (1) Broadmark sufficiently identified the elements

of Dalio's claims that it was challenging in its no-evidence motion for summary judgment and (2) Dalio failed to raise a fact issue on the claims, we overrule issues one and three.

## IV. SECOND MOTION FOR SUMMARY JUDGMENT

In issues two and four, Dalio contends that (1) the trial court erred in using a no-evidence standard on Broadmark's second motion for summary judgment and (2) Dalio raised a fact issue on its claim to quiet title.

### A. CHALLENGED ELEMENTS OF QUIET TITLE CLAIM

In its second issue, Dalio argues that Broadmark did not specify in its motion for summary judgment which elements of the quiet title claim it was challenging, and thus the trial court erred in treating the motion under a no-evidence standard.

"A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex v. Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Id.* To prevail in a suit to quiet title or to remove a cloud from title, the plaintiff must prove that (1) the plaintiff has an interest in a specific property; (2) a claim by the defendant affects title to the property; and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Kapur v. U.S. Bank Nat'l Ass'n*, 691 S.W.3d 663, 667 (Tex. App.—Houston [14th Dist.] Feb. 2024, pet. filed). In its second no-evidence motion, Broadmark set forth these three elements and specified it was challenging "elements (i), (ii), and (iii) outlined above. . . ." We conclude that Broadmark specified the elements it was challenging and

8

overrule Dalio's second issue.

**B.**     **EVIDENCE SUPPORTING CHALLENGED ELEMENTS**

We next turn to whether Dalio raised a fact issue on these three elements. Because it is dispositive, we focus on the third element—whether Broadmark's claim to the Property, though facially valid, is invalid or unenforceable. The crux of Dalio's response is its contention that Grove's promissory note with Broadmark is forged, making Broadmark's deed of trust unenforceable. Dalio directs this court to a swath of pages in the clerk's record for this proposition. "To challenge on appeal each possible ground advanced in support of the no-evidence summary judgment, an appellant must cite the specific evidence in the record he relied upon to defeat the motion and he must describe why that evidence raised a fact issue." *Walker v. Eubanks*, 667 S.W.3d 402, 407 (Tex. App.—Houston [1st Dist.] 2022, no pet.). Merely citing generally to voluminous summary judgment evidence in response to a no-evidence motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment. *See Nguyen v. Allstate Ins.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied). Absent guidance from a nonmovant, trial and appellate courts are not required to sift through a voluminous file in search of evidence to support the nonmovant's argument that a fact issue exists. *Walker*, 667 S.W.3d at 409.

Nonetheless, we have examined the pages of the clerk's record cited by Dalio that were attached in its response to the second no-evidence motion for summary judgment. Some of these pages include Grove and Polk's answer in the litigation, which we have previously concluded is not competent summary-judgment evidence. *See Regency Field Servs.*, 622 S.W.3d at 818–19. Of the remaining pages of the clerk's record Dalio cites, not one specifically addresses a forgery on Grove's promissory note to Broadmark. Instead, the cited pages are: (1)

Dalio's subordination agreement with Broadmark, with and without the notary's signature; (2) Grove's "Affidavit Regarding Business Use of Loan Proceeds," with and without the notary's signature; and (3) deposition testimony from the notary, in which unspecified documents are discussed but forgery on the promissory note is not raised. We conclude that Dalio failed to raise a fact issue on the third element of its quiet title claim.

We overrule issue four.

## V.  CONCLUSION

Having overruled all of Dalio's issues on appeal, we affirm the trial court's judgment.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.